**LINDSEY v. CASTON et al.**

No. 8714.

Court of Civil Appeals of Texas. Austin.

June 8, 1938.

Rehearing Denied July 6, 1938.

844

Murphy & Leslie, of San Angelo, for appellant.

O'Neal Dendy, of San Angelo, for appellees.

McCLENDON, Chief Justice.

This is a forcible entry and detainer suit, filed in the justice court, appealed to the county court, and thence to this court. The judgment, based upon a special issue jury verdict, was in favor of the plaintiffs, awarding possession of the premises involved and damages for their detention. The appeal is by defendant.

■ There is no statement of facts and no legal excuse for failure to obtain one. There was no stenographer available to take down the testimony, and the failure of the trial court to appoint one under the circumstances was not error. The fact situation in this regard was substantially the same as that in Universal Life Ins. Co. v. Larremore, Tex.Civ.App., 32 S.W.2d 964.

■ Error is assigned upon the alleged refusal of the court "to make a comprehensive findings of the facts and conclusions of law, in order that an appeal might be intelligently heard"; citing 41 Tex.Jur. p. 1282, § 406. The court did file findings of fact and conclusions of law, at the request of appellant. These support the judgment in every particular. Errors or omissions therein could only be shown by reference to a statement of facts. This might have been obtained by following the prescribed procedure. R.C.S. Art. 2243. The requirement that the judge file findings and conclusions applies only in cases tried without a jury. Art. 2247, Vernon's Ann. Civ.St. art. 2247; Schofield v. Texas Bank & Trust Co., Tex.Civ.App., 175 S.W. 506.

We therefore attach no importance to the findings and conclusions filed in this case. The jury verdict performs the fact finding function, and its correctness could only be challenged by reference to a statement of facts,—not by fact findings made by the trial judge.

■ The remaining propositions complain of insufficiency of the evidence and of alleged errors in rulings upon admission of evidence, the charge to the jury, and argument of counsel. These alleged errors "cannot be intelligently reviewed in the absence of a statement of facts, because there is no method of ascertaining their pertinence to the case made at the trial." Larremore Case (page 965), above.

The trial court's judgment is affirmed.

Affirmed.