**JORDAN v. CONCHO THEATRES, Inc.**

**No. 4161.**

Court of Civil Appeals of Texas. El Paso, Texas.

Dec. 4, 1941.

Rehearing Denied Jan. 8, 1942.

J. D. Burns and Sedberry, Williams & Amacker, all of San Angelo, for appellant.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellees.

WALTHALL, Justice.

This is an appeal from the Fifty-first District Court of Tom Green County.

The suit is to recover damages for personal injuries alleged to have been sustained by plaintiff's wife. The trial court

sustained the defendant's exceptions invoking the two year statute of limitation. Vernon's Ann.Civ.St. art. 5526. The plaintiff declined to amend and the suit was dismissed. From that judgment this appeal has been perfected.

The injury is alleged to have been sustained on June 16, 1938. The suit was filed November 28, 1940, more than two years after the injury.

Plaintiff seeks to avoid the two year statute on three grounds: (1) He says his suit is on a written contract embodied in an admission ticket to defendant's moving picture show; (2) because the manager and agent of the defendant led him to believe liability was admitted and would be compensated for; (3) because it was not publicly known who owned and operated the Texas Theatre, where the injury was sustained, until October 12, 1940.

There is no statement of facts nor findings by the court. There was probably no evidence heard. The allegation is that the ticket was in writing and certified the holder thereof was entitled to enter the theatre to see the performance offered by defendant. The ticket, we take it, is the ordinary one for admission to a theatre. The pleadings are in all respects sufficient to raise the issues presented, and need not be set forth in any detail.

Plaintiff's brief is a full one and a good one. It is a magnificent argument in support of his contentions, but we are unable to agree with the conclusions reached. Neither party has cited any authorities involving a similar question on a theatre ticket or a similar ticket issued for purpose of admission. We have not found any.

It may be helpful to consider briefly the character and status of the theatre business. Theatre business is a private business, subject to such restrictions as the legislative authority may impose; it owes no public duty; it is not compelled to admit any who may apply, but may deny admission to any it desires. A ticket to a theatre is a mere revocable license. Boswell v. Barnum & Bailey, 135 Tenn. 35, 185 S.W. 692, L.R.A.1916E, 912. A ticket, as applicable to a theatre, we think is in the nature of a permit to enter a place of amusement and to use such accommodations as are provided for the enjoyment of the entertainment offered, but carries with it no obligation to do any-

thing,—not even to supply the show or performance, and in case of such failure incurs no obligation other than to return the price of the ticket and such incidental expense as may be incurred in the purchase of the ticket and in attending. Boswell v. Barnum & Bailey supra. The ticket is a claim check to a seat and other incidental accommodations of the place; it is the evidence of the payment of the admission fee to the one entitled to receive it and of the right to enter the place of entertainment; it is the instruction to the doorkeeper to admit the holder. The owner and proprietor of a place of amusement undertakes to perform no service, as service is generally understood, hence the liability as herein stated. A railroad or other transportation concern undertakes and obligates itself to perform the service of transportation, hence a distinction between railroad tickets and other evidences of the transportation undertaking.

It would serve no purpose here to discuss the many cases cited by plaintiff, such as the railroad and express cases, oil well drilling contracts; cases involving drafts, bills and notes.

The ticket in nowise undertakes to state or evidence the contract relation existing between the seller (the theatre proprietor) and the purchaser (the patron). The plaintiff here only contends the obligation sued on to be an implied one. Hence, applicable here is the rule found in Faires v. Cockrill, 88 Tex. 428, 31 S.W. 190, 639, 28 L.R.A. 528; Shaw v. Bush, Tex.Civ.App., 61 S.W.2d 526; and Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249, in order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, the written instrument relied upon must itself contain a contract to do the thing for the performance of which the action is brought.

Under his second contention plaintiff insists the defendant is estopped to set up the two year statute in bar of his right to recover, because shortly after the accident plaintiff's wife called on the defendant's manager and discussed her accident and injury with him, and was led by him and his office assistant to believe liability was admitted and would be compensated for voluntarily; that she filled out a claim and was requested to keep in touch with the management and report from time to time her condition, which she did, and in considerable detail not neces-

sary here to repeat; set out conduct, representations and promises that led her, through the whole of the year 1938, to believe she would be settled with, all of which he pleads interrupted the running of the statute for such time and until the end of the year 1938. There still remained approximately one and a half years in which the suit might have been filed. Plaintiff was compelled to know the law which required him to file his suit within the time specified. Nothing short of an unequivocal waiver will relieve of that duty. There is no allegation that plaintiff was led into any injury by the conduct and promises pleaded. Such is an essential element of estoppel. We can perceive of no injury that could have been done, since a year and a half remained in which the suit might have been brought.

Plaintiff's other contention is that the true name of the defendant who was responsible for the injury was not publicly known until October 21, 1940. He also alleges that there were a number of theatres operated in the City of San Angelo under one management, including the "Texas." The owner was said to be "Robb & Rowley, United, Inc.," and above the word "Texas," appeared the initials "R&R." Plaintiff alleges also that on June 11, 1940, he filed his suit against Robb & Rowley, United, Inc., to recover his damages, which suit was removed to the Federal Court, and there, on a hearing had October 21, 1940, he learned for the first time the true owner of the "Texas." He alleges many other facts and situations, which he claims led him into error with respect to the name of the defendant. But he also alleged the theatre tickets had printed on them the corporate name of the defendant, but obscurely and not easily discernible and seen.

If a plaintiff is unable to ascertain the name of one he claims to have injured him it is his misfortune. In this case the legal means to do so are apparent, aside from the practical opportunities he had. There is no claim of fraud or deceit here; the defendant is not charged with any act or thing that could mislead the plaintiff, but on the contrary, as already stated, plaintiff says in his petition the corporate name of the defendant was printed on the ticket.

Under the record here we find no error, and the judgment of the trial court is affirmed.