HARDEN et al. v. FEDERAL FARM MORTGAGE CORPORATION.

No. 12113.

Court of Civil Appeals of Texas. Galveston.

July 21, 1949.

W. J. Alexander, Caldwell, for appellant.

Barnet B. Skelton, Houston, for appellee.

GRAVES, Justice.

This appeal by appellant, as independent executor of the estates of Mr. and Mrs. J. C. Love, is from a judgment of the 113th District Court of Harris County, sitting without a jury, dated April 13, 1949, Honorable Phil D. Woodruff presiding, awarding the appellee a $877.20 money recovery against him on a promissory note, together with a foreclosure of a deed of trust lien on two tracts of land, aggregating approximately 135 acres, in Burleson County, Texas.

■ The record shows that appellant gave notice of appeal to this Court from such judgment so adverse to him below, although he did not file an appeal bond; that, however, was not required, since he was, as recited, the independent executor of the estates indicated, and the judgment ran against him as such. Articles 2072 and 2276, R.C.S. of Texas.

Thereafter, in prosecution of his appeal, on May 10, 1949, appellant filed his transcript in this Court, pursuant to his request therefor, which he had filed with the clerk of the court below on April 18, 1949.

No statement of facts, nor any bills of exception were filed by the appellant in connection with or in support of such appeal, as so taken and perfected by him; but only the described transcript, which contains certain of the pleadings involved in the case below, as well as such judgment of the trial court, has been presented here.

However, following such rendition of the judgment below, on April 13 of 1949, and on that same day, appellant filed a pleading in the cause there, which was styled by him "Defendant's Motion in Arrest of Judgment"; in reply to that "Motion"—likewise on the same day, April 13, 1949—the appellee filed its answer thereto, in the form of a general denial of all the allegations of appellant therein, which motion, after a hearing on the merits by the court, was overruled by it, also on the same day, April 13, 1949. The substance of that second order was this: " * * * no jury having been demanded, and all matters of fact as well as of law having been submitted to the court for decision,

and the court having heard the pleadings, evidence, and argument of counsel, is the opinion and finds from the evidence that the motion in arrest of judgment filed in this cause by the defendant, mentioned above, is wholly without merit and should in all things be overruled by this court; and the court further finds from the evidence each and every other fact necessary to support this order."

So that, appellant stands in this Court in reliance upon such transcript alone for support of his appeal from that order of the trial court, overruling upon its merits, such "Motion in Arrest of Judgment".

His single point of error presented here is this:

"The Honorable Trial Court should have sustained appellant's motion in arrest of judgment, because it is apparent from the record that the Honorable District Court of Burleson County, Texas, had acquired jurisdiction of the real estate involved, and of appellee and its claim, in a partition-suit filed therein prior to the filing of this cause in the District Court of Harris County, Texas; and, jurisdiction having previously been acquired by the District Court of Burleson County, Texas, subsequent proceedings in the District Court of Harris County, Texas, were void."

As cross-points to such appeal, among a number of others, the appellee, in turn, presents these two:

"No. One: The judgment of the trial court should be affirmed, because Appellant failed to sustain the burden of proof cast upon him to prove the pendency of the alleged prior action at the time of the trial of this cause on the merits, and at the time of the hearing of appellant's motion in arrest of judgment.

"No. Two: Appellant's 'motion in arrest of judgment' was in actuality a mere plea in abatement, filed after his formal answer and the trial and judgment on the merits, and was accordingly not seasonably interposed, and the trial court was correct in overruling the motion."

■ Without extended discussion, it seems clear that such appeal upon appel-

lant's part fails of any requisite support, under our established system of law and procedure in Texas, there being no showing before this Court as to what evidence, if any, he presented to the trial court tending to support his "motion in arrest of judgment".

Indeed, such motion was itself not verified, nor was there anything else shown to have been presented to the trial court in support of its allegations.

He does now present on this appeal a purported affidavit from the acting district clerk of Burleson County, reciting what the records there show with reference to the suit appellant so declared upon as constituting an impediment to the trial court's entertaining this suit—as set out in appellant's quoted point of error here—but it conclusively appears that not even such affidavit was ever presented to or considered by the trial court, since it was not sworn to by such district clerk of Burleson County until the 13th day of June, 1949, precisely two months after the trial court's two described judgments in this cause had been rendered.

Wherefore, the trial court's judgments, and particularly the quoted part thereof, specifically overruling appellant's sole support for his appeal herein upon a finding of the facts as being adverse to his allegations in his motion in arrest of judgment, stand unimpeached here by any matter this Court is privileged to consider.

In other words, there is thus no support whatever presented to this Court, which it may consider, showing or tending to show that any jurisdiction of the cause of action so matured by the trial court in Harris County in favor of the appellee here had ever been in the first instance acquired by the district court of Burleson County, or that it had retained that jurisdiction at the time this cause was so decided on April 13, 1949, in Harris County.

▪ The holdings of our Texas courts are uniform to the effect that proof of the fact of such a claimed filed suit in a different court, as was herein solely relied upon by the appellant, must not only be made as having existed at one time, but further, to have remained existing until the time of the rendition of the judgment so attacked. Such holdings have like support in our text-books, controlling ones among the citations being these: Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Cavers v. Sioux Oil & Refining Co., Tex.Com.App., 43 S.W.2d 578; Peurifoy v. Davis, Tex. Civ.App., 101 S.W.2d 625, writ dism.; Holland v. Western Bank & Trust Co., 56 Tex. Civ.App. 324, 118 S.W. 218; 1 Tex.Jur. Sec. 89, P. 122; McCall v. Owens, Tex. Civ.App., 68 S.W.2d 1089, writ ref.; Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363, 365.

▪ Indeed, as our Superme Court has just held in the last-cited Smith case: "Every presumption must be indulged in favor of the trial court's findings and judgment".

▪ Neither, it is held, do R.S. Art. 1822 and Rule 406, Texas Rules Civil Procedure, furnish appellant any authority, as he contends, for the filing of his declared upon motion in arrest of judgment with the district clerk's affidavit thereto attached; this, for the reason that both rule and statute presuppose that the objective of such motions, or affidavits, is to sustain or defeat the jurisdiction of the court, or to develop such matter of fact as may be necessary to the proper exercise of such jurisdiction, hence obviously, they may not be filed in order to supply evidentiary proof to support such a motion in arrest of judgment, as was here offered.

These conclusions not only require an affirmance of the trial court's judgment herein, but perforce, they likewise call for the overruling of appellant's two motions filed in this Court, which were taken by it for consideration with the cause itself, the first one termed "Appellant's motion to sustain jurisdiction", and the second one as "Motion to strike a portion of appellee's brief". It will be so ordered.

Judgment affirmed.