**KIRBY LUMBER CORPORATION,**
Appellant,

v.

**T. D. SMITH, Appellee.**

No. 6104.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 19, 1957.

Rehearing Denied Oct. 16, 1957.

Fountain, Cox, Gaines & Fox, Houston, for appellant.

Adams & Browne, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal by Kirby Lumber Corporation, appellant, from a judgment in the district court of Jasper County in favor of T. D. Smith, appellee in a trespass to try title suit, Smith sued for title and possession of 160 acres, and in the alternative, 20 acres. In the judgment he recovered the 20 acres.

The parties stipulated that appellant owned the record title to the land. The case was tried to a jury, and issue was joined upon appellee's claim of title under the ten year statute of limitation.

The jury by its verdict found that appellee had not had adverse possession for more than 10 years of the larger tract sued for. The jury did find however that he had "had and held peaceable, exclusive and adverse possession" of the 20 acre tract, using, cultivating or enjoying the same for a period of ten consecutive years or more, prior to the date when his suit was filed.

The jury also found that Charlie and Myrtle Smith, Alvin Smith, R. C. and Arlene Smith, and Arrie Smith, all ran their cattle on said land, during the time of appellee's adverse possession. The jury also found that such cattle of such other persons were in the enclosure of the appellee with the permission of the appellee, T. D. Smith. All of said parties named as having had their cattle in the enclosure were relatives of appellee. They were brothers, sisters, sisters in law, and mother.

Appellant moved for instructed verdict, for judgment on the verdict, and, after judgment was rendered against it, a motion for new trial. All such motions were overruled, and it has perfected its appeal.

Its one Point of Error on appeal is that judgment for appellee was error because it, as a matter of law, is entitled under the jury's verdict and under the undisputed evidence to judgment for title to the land.

Under this point, it contends that the fact that appellee's mother and others pastured their cattle on the land during the period of his adverse possession amounted to a sharing of such possession with him. All the named persons had previously signed acknowledgements of tenancy to appellant. It says therefore that its tenants shared occupancy of the land with appellee and his possession was not exclusive, as is required. It points out that appellee's mother's cows carried the same brand as did his own cattle, and thus the record owner, seeing the cattle in the pasture, could assume they were all the cattle of its tenant, since they all bore the same brand. It says that the possession of the appellee was therefore not of such character as to indicate unmistakably an assertion of his claim to exclusive ownership in him. Appellant cites Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925; Wichita Valley Ry. Co. v. Somerville, Tex.Civ.App., 179 S.W. 671; Crandell v. Ganza, Tex.Civ.App., 265 S.W.2d 846; Price v. Humble Oil and Refining Co., Tex.Civ.App., 152 S.W.2d 804.

We do not agree with appellant's contention. The facts of this case do not bring it within the principle of law relied upon and announced by the authorities cited.

The appellee had no knowledge that any of the other parties had signed acknowledgements of tenancy to appellant. None of them was in possession of the land when they signed such instruments. Their acts of putting cattle in his enclosure, with his permission, were not made under any claim of right or as tenants of the appellant. Such acts therefore did not serve to break the continuity of appellee's adverse possession.

To constitute an interruption of an occupant's adverse possession, an entry by the owner must be made with the intention of taking possession. Such an entry by the owner, in order to defeat another's adverse possession, must clearly indicate to the occupant that his possession is invalid and his right challenged. It must be open and notorious and bear on its face an unequivocal intention to take possession. It cannot be accidental, casual, secret, or permissive. See 2 C.J.S. Adverse Possession § 142, p. 704. This rule is noted and followed in Lockin v. Johnson, Tex.Civ.App., 202 S.W. 168; American National Bank v. Wingate, Tex.Civ.App., 266 S.W.2d 934; Houston Oil Company of Texas v. Stephney, Tex.Civ.App., 187 S.W. 1078. We are convinced the rule applies to the facts of this case.

We believe the trial court entered the proper judgment in the case, on the verdict of the jury and the facts of the case not in controversy, and the judgment is affirmed.