Chalala M. **FITCHETT** and husband,
Santiago Fitchett, Appellants,

v.

Jesus **BUSTAMENTE**, Appellee.

No. 5357.

Court of Civil Appeals of Texas.

El Paso.

Nov. 25, 1959.

Rehearing Denied Dec. 16, 1959.

Walker Means, Pecos, Wm. Davenport, San Angelo, for appellants.

Preston & Tomlin, Pecos, for appellees.

ABBOTT, Justice.

This is a case in trespass to try title originating in the district court of Reeves County, Texas. The case was tried before the court without a jury, and from an adverse judgment appellants have perfected their appeal. This appeal comes to us without a complete record, but does include

the Findings of Fact and Conclusions of Law of the trial court.

Appellee Jesus Bustamente is the surviving wife of Matilde Bustamente, and appellant Chalala M. Fitchett is a niece and sole beneficiary under the will of Matilde Bustamente. Appellee originally filed suit in trespass to try title claiming an undivided one-half interest in a lot in Pecos, Texas, owned by her deceased husband at the time of his death. Appellants, over objection by appellee, injected into this suit a question of title to another one-half lot in Pecos, which had been deeded by Matilde Bustamente to appellee in 1951, and whereon appellee has continuously resided since that time. The trial court found that the deceased, Matilde Bustamente, had conveyed this second lot to appellee as her separate property and estate, and further found that any cause of action to set aside the deed by appellants was barred by the four-year statute of limitations, Article 5529, Vernon's Ann.Revised Civil Statutes of Texas. It is from this portion of the judgment that appellants are appealing and to which they bring one point of error:

"Property conveyed by a husband's deed to his wife remains community property and is community property at the time of death six years later."

The particular conclusions of law, pertinent to this appeal, by the trial court state:

"5. That legal title to the North One-half (N/2) of Lot 1, Block 85, Original Town of Pecos City, Reeves County, Texas, was vested in Jesus Bustamente as her separate property at the time of the death of her husband, Matilde Bustamente.

"6. That the heirs of Matilde Bustamente are estopped to deny the validity of the conveyance by Matilde Bustamente to Jesus Bustamente of the North One-half (N/2) of Lot 1, Block 85, Original Town of Pecos City, Reeves County, Texas, as her sole and separate property.

"7. That any cause of action to set aside the conveyance from Matilde Bustamente to his wife, Jesus Bustamente, of the North One-half (N/2) of Lot 1, Block 85, brought by the heirs of Matilde Bustamente alleging fraud and failure of consideration is barred by the four-year statute of limitations, Article 5529, Revised Civil Statutes of Texas."

It is from these Conclusions of Law that appellants complain.

Since this case comes to this court without a record of the evidence, we are bound by the Findings of Fact of the trial court and must presume that the evidence was sufficient and that every fact necessary to support the findings and judgment, within the scope of the pleadings, was proved at the trial. 3 Tex.Juris.2d 702, Sec. 452.

The court's Findings of Fact stated, (1) on October 2, 1951, Matilde Bustamente executed a deed to his wife, Jesus, conveying the North half of Lot 1, Block 85, Original Town of Pecos City, Reeves County, Texas; (2) that the deed from Matilde Bustamente to Jesus Bustamente was regular on its face and purported to convey all of the interest of Matilde Bustamente to Jesus Bustamente; (3) that the deed from Jesus Bustamente to Matilde Bustamente was regular on its face, but the acknowledgment on the deed was not a married woman's acknowledgment in the form prescribed by statute, and . was in the form prescribed by statute for a husband alone, or a single woman; (4) the deed was duly filed of record in Reeves County, Texas; (5) that from the date of the execution and delivery of the deed to the death of the grantor in February, 1957, neither party questioned the ownership of the other party, and each party dealt with the property conveyed to them as if it were their own separate property; (there had been an exchange of deeds in 1951, but the other properties are not in question on this appeal) (6) that among the provisions of

said will (that of Matilde Bustamente) it was recited that he, Matilde Bustamente, had theretofore conveyed part of the community estate to Jesus Bustamente; (7) that after the conveyance of said lot in 1951, appellee operated a small store on said property and maintained several rental units on said property from then until the present time, and that during his lifetime Matilde Bustamete knew of this, and asserted no claim to said property after the date of conveyance; (8) that from October, 1951, until his death, Matilde Bustamente ratified by his acts and conduct the conveyance to Jesus Bustamente of the North one-half (N/2) of Lot 1, Block 85, Original Town of Pecos City, Reeves County, Texas, as a gift to her as her separate property.

There can be no question but that a husband may deed directly to his wife, whether the subject of the conveyance be his separate property or their community property, provided that the essentials of such a conveyance are present. While the deed is not before us, we must assume that the trial court found consideration for the deed, and also that there was delivery of same. The Findings of Fact show that such deed was properly filed, and there can be no other conclusion but that the lot in question became the separate property of the appellee as of the date of said deed. 23 Tex.Juris. 157, sec. 128, Husband and Wife; Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S.W. 120; Callahan v. Houston, 78 Tex. 494, 14 S.W. 1027; Tittle v. Tittle, 148 Tex. 102, 220 S.W.2d 637; Kellett v. Trice, 95 Tex. 160, 66 S.W. 51, at page 54.

We recognize the principle of law relied upon by appellants to the effect that title by limitation *through adverse possession* cannot be acquired between husband and wife. Such, however, is not the question presented here, and that rule of law has no application to the facts of this case. Appellee in this case claims title to the land in question under a duly recorded deed, regular on its face, and appellant has at-tacked this deed alleging fraud and failure of consideration. Appellee has defended her title, not upon the basis of having acquired title by adverse possession as against her deceased husband and the executrix of his estate, but upon the ground that the cause of action, if any, to set the deed in question aside for failure of consideration, or for fraud, is barred by the general four-year statute of limitations. The law is well established in this State that Article 5529 of the Vernon's Ann. Revised Civil Statutes of Texas applies to suits to set aside a deed for fraud or failure of consideration. Kahanek v. Kahanek, Tex.Civ.App., 192 S.W.2d 174; Neal v. Pickett, Tex.Com.App., 280 S.W. 748; Collins v. Griffith, Tex.Civ.App., 125 S.W. 2d 419; Jordan v. Concho Theatres, Inc., Tex.Civ.App., 160 S.W.2d 275. The time element as set out in the trial court's Findings of Fact brings this present case well within the requirements of Article 5529.

Finding that title to the North one-half (N/2) of Lot 1, Block 85, Original Town of Pecos City, Reeves County, Texas, was vested in appellee as her separate property at the time of her husband's death, we affirm the trial court's judgment in all things.