Steve E. BAVOUSETT et al., Appellants,

v.

R. M. BRADSHAW, Appellee.

No. 6879.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 14, 1959.

Rehearing Denied Jan. 18, 1960.

Culton, Morgan, Britain & White, Amarillo, Richard L. Cazzell, Amarillo, of counsel, for appellants.

Linn & Helms, Spearman, for appellee.

DENTON, Chief Justice.

This is a suit in trespass to try title to determine title to Lot 10, Block 12, in the original townsite of Borger, Hutchinson County, Texas. Appellee Bradshaw, in bringing this suit against appellants, is relying on the 5 and 10 year statutes of limitation, Vernon's Ann.Civ.St. arts. 5509, 5510. The appellants, defendants below, filed an answer pleading the statutory defense of "not guilty" and a cross action for title and possession of the premises in question. In a trial before the court without a jury, a judgment was entered for the appellee and the appellants timely perfected this appeal.

The lot in question was conveyed by a general warranty deed in February, 1927, to S. Bavousett and T. D. Marshall. It was stipulated that Bavousett and Marshall were the common source of title. On December 30, 1928, S. Bavousett died intestate and was survived by his wife, Kate Bavousett, and an infant son, Steve E. Bavousett, one of the appellants here. On June 27, 1940, a tax judgment was taken in favor of the City of Borger against *S. Bonnsette* for non-payment of taxes on the above described premises. Citation was had by publication. On August 3, 1940, Kate Bavousett died intestate and was survived by the said Steve E. Bavousett, her only child. On August 28, 1940, the order of sale of Lot 10 was issued, based on the tax judgment entered June 27, 1940. The sale was held on October 1, 1940 and on October 12, 1940, the sheriff's deed was executed to the City of Borger. On November 5, 1940, the City of Borger executed its deed to Lot 10 to R. M. Bradshaw, the appellee. If we understand the position of appellee, he is not claiming title to the lot in question by virtue of the deed itself from the City of Borger; but is claiming the title by adverse possession under both the 5 and 10 year statutes of limitation. Apparently, appellee concedes, and we so agree, the tax deed was invalid to the extent that it could not have divested title out of S. Bavousett and T. D. Marshall or their heirs. Neither of the two record owners were made parties to the tax suit. It is obvious without the necessity of citing authorities that S. Bonnsette and S. Bavousett are not idem sonans. The trial court filed its findings of fact and conclusions of law upon request of appellants. No objections were made to the findings or conclusions and no additional requests for findings of fact or conclusions of law were made.

By 14 points of error appellants bring forward various errors alleged to have been committed by the trial court. In order not to unduly extend this opinion, we will discuss these points of error in what we consider to be logical groups.

The appellants contend the trial court erred in admitting into evidence and considering the tax judgment, order of sale, the sheriff's deed and the deed to Bradshaw. It is their contention that these instruments were void on their face because the record owners to the tract of land were not parties to the original tax suit. It has long been the rule in Texas that a tax deed which is not void upon its face is admissible in favor of the grantee in an action of

trespass to try title under the plea of the 5-year statute of limitation designed to secure the title of a possessor for that purpose. Schleicher v. Gatlin, 85 Tex. 270, 20 S.W. 120 and 38 A.L.R.2d 1078. It has also been held that a deed of land sold for delinquent taxes which sufficiently describes it and is properly acknowledged and recorded, although the absence of any authority on the part of the tax collector might be shown by matters dehors the record, may become the basis for protection under the 5-year statute of limitation of Texas. Fowler v. Simpson, 79 Tex. 611, 15 S.W. 682. It has also been held that while a tax deed which is unsupported by an order of sale does not establish valid legal title, it is admissible for the purpose of showing the nature of the holder's possession and as a basis for protection of his claim of title under the 5-year statute of limitation. Lindley v. Mowell, Tex.Civ.App., 232 S.W. 2d 256.

In the case here, the deed correctly described the premises, was properly acknowledged and recorded. We therefore hold the deed and other instruments supporting it were properly admitted into evidence and considered by the trial court. The deed was sufficient to support a claim under the 5-year statute of limitation, even though it was void as to the record title holders who were not parties to the tax suit. Appellants' Points Nos. 1, 2 and 3 are accordingly overruled.

■ In Points of Error Nos. 4, 10 and 12, appellants contend in effect that it was error for the trial court to conclude both 5 and 10 year statutes of limitation began to run on October 1, 1942. It is well established that the statutory period of limitation in adverse possession cases does not begin until the expiration of the time in which the record owner is entitled to redeem the property after the tax sale.

■■ There is a dispute as to when this redemption period began. From the record, the sheriff's sale to the City of Borger was actually made on October 1, 1940. The sheriff's deed was dated October 12, 1940 and it was recorded in the deed records of Hutchinson County on November 14, 1940, at 8:00 o'clock a. m. In accordance with Article 7345b, Sec. 12, of the Vernon's Ann.Civ.St., we conclude the redemption period ended November 14, 1942, rather than October 1, 1942, or October 12, 1942, as contended by appellee and appellants, respectively. Even though Articles 7284a and 7284b, Vernon's Ann.C.S., are relied on where the language there used is "The owner of such property * * shall have the right to redeem the same at any time within two years from the date of such sale * * *" we do not deem the different dates material in reaching the proper result in this case. Whether the period of limitation began on one of the October dates or on November 14, 1942, is not crucial in the light of the other facts of the case. Although we conclude the trial court erred in finding both the 5 and 10 year statutes of limitation began to run on October 1, 1942, we hold such error as harmless.

■ Under Points of Error 5 through 9 and Point No. 11, appellants contend the trial court erred in finding certain acts of appellee and his tenants did constitute actual, exclusive, adverse and continuous use and possession for a sufficient period to comply with either the 5 or 10 year statutes of limitation. It is undisputed that the City of Borger executed and delivered its deed to Bradshaw on November 5, 1940. It was recorded on November 14, 1940, the same day and hour the sheriff's deed to the City of Borger was recorded. The trial court found appellee Bradshaw took possession of the property on November 5, 1940 and began to use the premises in his business as a car dealer; and that Bradshaw or his tenants continued to use the lots until April, 1958, except for short intervals. The court further found Bradshaw rendered the property for taxes from 1941 through 1958 and paid the

taxes each year before the taxes became delinquent.

■■ The appellate court is bound by the trial court's findings of fact supported by the evidence. City State Bank in Wellington v. Wellington Independent School Dist., Tex.Civ.App., 173 S.W.2d 738, affirmed by the Supreme Court in 142 Tex. 344, 178 S.W.2d 114. It is also fundamental that a trial court's fact findings will be upheld on appeal unless manifestly erroneous and will be overruled by appellate courts only when they are not supported by any evidence of probative force or are so against the weight and preponderance of the evidence as to be manifestly wrong. Keeton v. Gillam Soap Works, Tex.Civ. App., 215 S.W.2d 675 (N.R.E.). The trial court concluded as a matter of law that the tax deed supported the 5-year statute of limitation; and that appellee Bradshaw acquired title to the premises in question under the 5-year statute of limitation and if not under the 5-year statute, he acquired title under the 10-year statute of limitation.

We are of the opinion there was sufficient evidence of probative force to support the findings of fact and conclusions of law of the trial court. It is undisputed that Bradshaw did use the lot immediately after the purchase for parking automobiles which he owned in connection with his used car business. At different times he placed junk cars on the lot. Such use continued until sometime in 1943. He then leased the premises to a Mrs. Mongold who owned a hotel or rooming house which adjoined the lots here in question. Mrs. Mongold used the lots as a parking lot for both cars and house trailers of her guests. Mrs. Mongold continued to so use the lots as a tenant of Bradshaw for some three years. Bradshaw then took possession of the premises and leased them to a Mr. Newman for a used car lot. This lease agreement continued for some three months. Bradshaw testified he again took possession of the lots for the purpose of

parking and storing cars and had continued to do so until approximately six months before the trial which was held in October, 1958. The evidence is undisputed that no one ever questioned Bradshaw's claim to the premises involved here until after this suit was filed. Several witnesses testified that all the people doing business in the vicinity of the property considered Bradshaw to be the owner of the lots. It is undisputed that appellant Bavousett was not aware of any interest he or his deceased parents might have had in the lots until this suit was filed and citation by publication appeared in the local newspaper. He then employed an attorney and filed an answer. Bradshaw made some improvements on the lots by hauling in some caliche and gravel and at one time erected a fence along two sides of the lots. Although the evidence is not clear in some respects as to Bradshaw's continuous use and possession, we are of the opinion that the evidence is sufficient to support the findings of the trial court. Peveto v. Herring, Tex.Civ.App., 198 S.W.2d 921; Kirby Lumber Corp. v. Smith, Tex.Civ. App., 305 S.W.2d 829; Halsey v. Humble Oil & Ref. Co., Tex.Civ.App., 66 S.W.2d 1082; Dawson v. Tumlinson, 150 Tex. 451, 242 S.W.2d 191, and other cases there cited. We also refer to Articles 5514 and 5515, Vernon's Ann.Civ.St. and other cases there cited. We therefore conclude that Points of Error Nos. 5 through 9 and Point No. 11 do not present reversible error and they are overruled.

■■ In Point of Error No. 13 appellants contend the trial court erred in concluding as a matter of law that appellant Bavousett's defenses of being a minor and being in the military service for a period of time were waived because they were not pleaded. Evidence was presented without objection that appellant Steve E. Bavousett became 21 years of age on May 20, 1946. It also was shown that he entered the military service on January 7, 1943 and was honorably discharged on December 31, 1945. We deem it unnecessary

to belabor this opinion by fully discussing this point of error. If we are correct in holding the trial court committed no error under the points previously passed upon, it follows that the error the trial court committed in failing to toll the statute of limitation due to appellant Bavousett's minority or military service, if it is error, would be harmless error. Assuming appellants' contention is correct, we hold the evidence supports the conclusion that Bradshaw acquired title under the 5 and 10 year statute of limitation on May 20, 1951 and May 20, 1956, respectively. Under the rule established by Strong v. Garrett, Tex.Civ.App., 224 S.W.2d 471, we conclude that even though the defense of minority or military service in answer to the limitation plea of Bradshaw was not pleaded, it should have been considered by the trial court. As we understand it, the Strong case holds that such a defense is available even though such is not pleaded, where such evidence on the defense has been presented without objection. The pleadings should therefore have been treated as if the issue of minority or military service had been raised. The Strong case, supra, and Rule 67, Texas Rules of Civil Procedure. During all the periods of time up to and including the 1951 and 1956 dates, appellee had sufficient control and possession of the premises under the record here to support each claim.

Appellants' last point of error dealing with a general contention of the insufficiency of the evidence to support the judgment has been discussed in connection with the various other points. Therefore, we deem further discussion unnecessary.

We conclude that each of appellants' points of error is without merit, and each is overruled. Therefore, the judgment of the trial court is affirmed.

Affirmed.