Olive R. SHIPP, Appellant,

v.

John E. LYONS, Appellee.

No. 3672.

Court of Civil Appeals of Texas.

Eastland.

Nov. 24, 1961.

Rehearing Denied Jan. 5, 1962.

Heflin, Kirk, Van Keuren & Baggett, Houston, for appellant.

Kennerly & Lesher, A. C. Lesher, Jr., Houston, for appellee.

GRISSOM, Chief Justice.

This is an appeal from a judgment for the defendant, John E. Lyons, in a suit by Olive R. Shipp to collect a realtor's commission for the sale of real estate. Shipp alleged Lyons was the owner of certain real estate and that, on October 8, 1958, he executed a contract giving her an exclusive listing of the property which provided that she should receive a commission on any sale, regardless of who made it. She specifically alleged that, after execution of her contract, Lyons sold the property to De-Mouche. Plaintiff also specifically alleged that because Lyons made a "second and later" contract with the realtor who sold the property to DeMouche, she had been deprived of an opportunity to sell it. She prayed for recovery of five percent of the amount of the sale made by the other agent.

The record shows the property was sold on October 7, 1958, the day prior to the listing with Shipp, to-wit, October 8th; that about eleven a. m. on October 8th, Lyons, not having been informed of the sale on the 7th by the other agent, at the request of Shipp's agent, signed a contract listing the property with Shipp; that said contract was delivered to Shipp about noon; that on the afternoon of October 8th, Lyons was notified by his other realtor of the sale on the 7th and he immediately, on October 8th, notified Shipp of such sale.

Lyons alleged that when Shipp obtained the listing she knew the property was listed for sale by the realtor who had on the preceding day sold it to DeMouche. It is admitted that Shipp had no part in the actual sale.

A jury found (1) that Lyons extended the time limit in his contract with De-Mouche to midnight October 7th, (2) that said extension was made before the listing

with Shipp and (3) that the property was sold to DeMouche on October 7th, before the listing with Shipp. The jury did not answer issues inquiring whether (4) Shipp was ready, willing and able to perform her part of the contract and whether (5) she partly performed it. Appellee says the issues submitted were requested by appellant. There are no objections shown by the transcript. Appellant admits in her brief that the property was sold by another agent before Lyons executed her contract.

Appellant's brief presents two points, to-wit, that the court erred in overruling plaintiff's motions for (1) judgment and (2) a new trial. Her brief is devoted to a contention that the question involved on appeal is whether it was impossible to perform her contract because it was "frustrated" by the prior sale. She contends that under said doctrine judgment could not be rendered for Lyons because he listed the property with her knowing that it could have been sold on the previous day.

It is evident that appellant is attempting to obtain a reversal of the judgment upon a theory different than that upon which she tried the case. She alleged that Lyons was liable for a commission because he sold the property after it was listed with her and because he entered into a "second and later contract" with the agent who actually sold the property after execution of her contract. The case was submitted to the jury upon that theory and it found that another realtor sold the property to DeMouche on October 7th. Such finding and the admitted facts establish that her said allegations are not correct; that the property was not sold after it was listed with Shipp, but before, and that Lyons did not enter into a listing contract with the agent who made the sale after, but before, he listed it for sale with Shipp.

Appellant has not filed a Statement of Facts. Without a Statement of Facts it must be presumed that the evidence was sufficient, and that every fact necessary to support the findings and judgment, within the scope of the pleadings, was established at the trial. 3 Tex.Jur.2d 703. Plaintiff had the burden of proving the facts which she alleged as a basis for recovery of a commission. This she apparently failed to do. At least, in the absence of a Statement of Facts we are bound ot presume that she failed. The jury's finding is against her. Appellant has no point complaining because the court received the verdict with two issues unanswered. However, if issues 4 and 5 had been answered in her favor that would not have compelled a different judgment. There being no Statement of Facts, said finding, upon which appellant had the burden of proof, is conclusive against her. In the absence of a Statement of Facts, we must presume that the court did not err in accepting the verdict and in rendering judgment for the defendant. Houston Fire & Casualty Insurance Company v. Walker, (Sup.Ct.), 152 Tex. 503, 260 S.W.2d 600, and Safety Casualty Company v. Wright, (Sup.Ct.), 138 Tex. 492, 160 S.W.2d 238; 3 Tex.Jur.2d 696, 702. The judgment is affirmed.