**Daniel J. MULCAHY, Appellant,**

**v.**

**Morris L. COHEN et al., Appellees.**

**No. 14282.**

Court of Civil Appeals of Texas.

Houston.

Jan. 23, 1964.

Rehearing Denied March 5, 1964.

Second Motion for Rehearing Denied
April 2, 1964.

Donald W. Callahan, Joe M. Block, Houston, for appellant.

Barrow, Bland, Rehmet & Singleton, R. F. Wheless, Jr., Houston, for appellees.

WERLEIN, Justice.

This is a suit brought by appellant to recover damages allegedly resulting from the publication by appellees of a libellous statement on or about February 15, 1962, charging appellant, an attorney at law and certified public accountant and also formerly vice president and secretary-treasurer of Houston Steel Drum Company, with fraudulently inserting a certain clause in a chattel mortgage that had been executed by it to appellee, Newark Steel Drum Company, securing an indebtedness of $75,000.00. The clause referred to is Clause XI which provides in substance that if Newark Steel Drum Company foreclosed such chattel mortgage, it would thereby assume all debts of Houston Steel Drum Company.

Appellees, who are domiciled in and residents of the State of New Jersey, made special appearances for the purpose of objecting to the jurisdiction of the court by filing their sworn motions as provided by Rule 120a, Texas Rules of Civil Procedure. The trial court sustained appellees' motions and entered judgment dismissing the cause for want of proper citation and service upon appellees. From such judgment appellant has perfected his appeal.

The trial court, upon the request of appellant, filed its findings of fact and conclusions of law as follows:

"1. Defendant Newark Steel Drum Company is a foreign corporation incorporated under the laws of the State of New Jersey which does not maintain an office in the State of Texas. Defendants Morris L. Cohen, Norman H. Cohen and W. J. McEntee are individuals who are citizens and residents of the State of New Jersey. None of such Defendants are residents or citizens of the State of Texas.

"2. None of the Defendants in this cause have been personally served in the State of Texas.

"3. Notice of suit was given Defendants by delivery of copies of process to the Secretary of State of the State of Texas, in Austin, Texas, and delivery of copies to such Defendants by registered mail in the State of New Jersey.

"4. The Defendants specially appeared under Rule 120a of the Texas Rules of Civil Procedure to contest the jurisdiction of this Court.

"5. None of the Defendants maintain an agent of service in the State of Texas.

"6. None of the Defendants are engaged in or doing business in the State of Texas."

The court concluded:

"1. None of the Defendants are engaged in or doing business within the State of Texas within the meaning of Article 2031b of the Revised Civil Statutes of Texas.

"2. This Court does not have jurisdiction over the person of Morris L. Cohen, Norman H. Cohen, W. J. McEntee or Newark Steel Drum Company, a corporation, for want of proper citation of and service upon said Defendants."

Appellant contends that the trial court erred in finding and concluding that none of the appellees was engaged in doing business in the State of Texas, and in sustaining appellees' special appearances to object to the jurisdiction of the court, and also because the court erred in finding that none of the appellees maintains an agent for service in the State of Texas and in concluding that the court did not have jurisdiction over the appellees for want of proper citation and service upon appellees.

The trial court in its judgment recites:

"On this 8th day of April, 1963, duly came on for hearing before this Court the Defendants' plea to the jurisdiction of this Court over the person of the Defendants pursuant to Rule 120a of

Texas Rules of Civil Procedure; and came the Plaintiff, in person and by his attorney of record, and came the Defendants, by and through their duly authorized attorney of record, and both sides having announced ready, the said plea was submitted to the Court, and the Court, having considered the evidence, statement of counsel, the pleadings and argument, is of the opinion that this Court does not have jurisdiction over the person of Morris L. Cohen, Norman H. Cohen, W. J. McEntee and Newark Steel Drum Company, a New Jersey corporation, Defendants herein, for want of proper citation of and service upon said Defendants."

No statement of facts has been filed in this cause and the only facts before us are those contained in the findings of fact of the court. Appellant requested the court to make additional findings and conclusions, which request was refused. In the absence of a statement of facts, we cannot say that the trial court erred.

Appellant asserts that he pleaded a good cause of action founded in tort to recover damages for libel. He relies on Article 2031b, Sec. 4, Vernon's Annotated Texas Statutes, which provides, among other things, that the committing of any tort in whole or in part in this State by any foreign corporation or nonresident natural person shall constitute doing business in this State. He also relies upon other sections of such Article which provide for service of process in such case being made, as was done in the instant suit, upon the Secretary of State of the State of Texas, who delivered copies of such process to appellees by registered mail in the State of New Jersey as found by the trial court.

■ We have carefully examined appellant's petition and have concluded that he has pleaded a good cause of action for libel against appellees constituting a tort committed in this State. Appellant's pleading does not show on its face that the publication of such libellous statement was ab-

solutely privileged. As a general rule, if the privileged occasion of the communication does not appear from the plaintiff's petition, the burden is ordinarily upon the defendants to establish it. 53 C.J.S. Libel and Slander § 220, p. 332; Rickbeil v. Grafton Deaconess Hospital, 1946, 74 N.D. 525, 23 N.W.2d 247, 166 A.L.R. 99.

■ In the absence of a statement of facts, the trial court's findings of fact are binding on the appellate court and we must presume that the evidence was sufficient and that every fact necessary to support the findings and judgment, within the scope of the pleadings, was proved at the trial. Fitchett v. Bustamente, Tex.Civ.App., 329 S.W.2d 920, writ ref., n. r. e.; Shipp v. Lyons, Tex.Civ.App., 352 S.W.2d 533. It is impossible for this Court to tell what evidence was introduced before the court or what the court considered at the hearing at which the court found that none of the defendants maintains an agent for service in the State of Texas or is engaged in or doing business in the State of Texas. The court concluded that none of the defendants was engaged in or doing business within the State of Texas within the meaning of Article 2031b of the Revised Civil Statutes of Texas. This conclusion may also be considered a finding of fact. It would be illogical to conclude that the trial court by using the present tense in its judgment had reference to what was being done at the time of the trial, since the whole cause of action of plaintiff is based upon what occurred at the time of publication of the libel. The court was actually finding that none of the defendants was engaged in doing business in the State of Texas at the time the alleged tort was committed since Article 2031b, Sec. 4, relied upon by appellant, has reference to committing a tort in this State.

Appellant asserts no evidence was heard. However, we are compelled to accept the court's statement in the judgment that evidence was heard, since there is no statement of facts before us. Moreover, Rule

120a, T.R.C.P., contemplates a hearing, and provides that the issuance of process for witnesses, the taking of depositions, the serving of a request for admissions, and the use of discovery processes, shall not constitute a waiver of a special appearance. In this case the special appearances of the appellees were each and all made by sworn pleadings filed by them, in which they stated that they had done no act to submit themselves to either the potential or actual jurisdiction of the court.

The court's findings of fact and conclusions of law support the judgment. Errors or omissions therein could only be shown by reference to a statement of facts which could have been obtained by following the prescribed procedure. Lindsey v. Caston, Tex.Civ.App., 1938, 118 S.W.2d 843. "In the absence of a statement of facts, findings by the jury, or by the judge in non-jury cases, are generally conclusive on appeal." 3 Tex.Jur.2d, p. 711, Appeal and Error, § 462, and authorities cited. Every presumption must be indulged in favor of the trial court's findings and judgments. Harden v. Federal Farm Mortgage Corporation, Tex.Civ.App., 223 S.W.2d 39; Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363, 365; International Longshoremen's Ass'n, Independent v. Galveston Maritime Ass'n, Tex. Civ.App.1962, 358 S.W.2d 607; Kuykendall v. Biggs, Tex.Civ.App., 331 S.W.2d 67, writ ref., n. r. e.; Bavousett v. Bradshaw; Tex.Civ.App., 332 S.W.2d 155, writ ref., n. r. e. In Commercial Credit Corporation v. Smith, supra, our Supreme Court said:

"It is not open to question that in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment and where there are no findings and no statement of facts, such facts as are necessary to support the judgment must be presumed to have been found."

Judgment affirmed.

On Motion for Rehearing

Appellant's amended motion for rehearing and supplemental transcript, filed with permission of the Court, have been carefully considered. His motion to file a statement of facts, containing the evidence adduced at a hearing by the trial court on February 7, 1964, is denied. Such hearing was on appellant's motion to correct an alleged clerical error consisting of a recital in the judgment appealed from to the effect that the court had "considered the evidence". Where the statement of facts is incomplete or incorrect, it may be amended under Rules 428 and 429, Texas Rules of Civil Procedure. We know of no provision, however, which will permit the filing of a statement of facts long after an appeal has been perfected in a cause in which no statement of facts was obtained or filed. The statement of facts which appellant now seeks to file consists of testimony adduced at the hearing on appellant's motion to correct a clerical error in the Court's judgment and not evidence adduced at the hearing on appellees' plea to the jurisdiction when such judgment was entered.

As shown by the supplemental transcript, the trial court entered an order on February 14, 1964, overruling appellant's motion to correct the alleged clerical error in its judgment of April 23, 1963, and in such order the court recited that it was of the opinion that the judgment entered by the court on April 23, 1963 is the same judgment that was rendered by the court and that "This Court considered evidence, statements of counsel, the pleadings and arguments in reaching its determination of the issue before it at that time, and in rendering such judgment."

The trial court's determination that there was no clerical error in its judgment of April 23, 1963, is binding upon this Court.

Appellant's motion for rehearing is overruled.