**Reversed and Remanded and Memorandum Opinion filed October 13, 2022.**



**In The**

**Fourteenth Court of Appeals**

_____

**NO. 14-21-00145-CV**

_____

**SUZANNE S. MUNDY, Appellant**

**V.**

**ENE, INC., Appellee**

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 14-DCV-218247**

**M E M O R A N D U M   O P I N I O N**

This appeal concerns an attempt to adversely possess real property located in Fort Bend County that appellee ENE, Inc. purchased at a tax-foreclosure sale in November 2003. Appellant Suzanne S. Mundy filed a lawsuit to quiet title to the property under the ten- and twenty-five-year adverse possession statutes. ENE counterclaimed for trespass to try title. ENE sought traditional summary judgment that Mundy take nothing by her adverse possession claims, which the trial court granted.

Mundy contends the judgment is error for four reasons: (1) ENE failed to conclusively establish that Tax Code section 34.21(a)'s redemption period operated to extend the ten-year adverse possession limitations period by two years; (2) a record title owner cannot transfer the redemption right and ENE thus could not assert it as a toll of the accrual date of Mundy's ten-year adverse possession claim; (3) ENE never filed suit and its cease-and-desist letter did not interrupt Mundy's peaceable possession under the ten-year adverse possession statute; and (4) Mundy lacked proper notice of the summary judgment hearing.

We hold that ENE failed to conclusively establish that Tax Code section 34.21(a)'s two-year redemption period applies to the property at issue. Accordingly, the trial court erred in granting summary judgment in ENE's favor on Mundy's ten-year adverse possession claim.[1]

We reverse and remand to the trial court for further proceedings.

**Background**

In her original petition, Mundy claimed to own approximately 13.8 acres of land, consisting of: (1) the "Swindell Property," which is approximately 10.25 acres; and (2) an adjacent tract of approximately 3.57 acres (the "3.57 Property"). Mundy asserted that her ownership of these properties results from an inheritance from her mother, Jean Louise Swindell, the record title holder of the Swindell Property, and through two "conveyances duly recorded, the first recorded under the Official Records of Fort Bend County, Texas, under Clerk's File No. 2014071066 and the second also recorded under the Official Records of Fort Bend County, Texas, but under Clerk's File No. 2014071067." The first deed, recorded on July 7, 2014 and

---

[1] Because Mundy has not challenged the summary judgment on her twenty-five-year adverse possession claim, we do not disturb that ruling on appeal.

signed by Mundy as the personal representative of her mother's estate, purports to transfer the Swindell Property and the 3.57 Property from Jean Louise Swindell's estate in equal and undivided one-half interests to Mundy and her brother Robert Swindell. The second deed, recorded on the same date, purports to transfer Robert's one-half interest in the Swindell Property and the 3.57 Property to Mundy.[2]

The 3.57 Property was previously owned by Floyd Hinton, who paid taxes on the property until at least 1984. ENE purchased the 3.57 Property at a November 4, 2003 tax foreclosure sale and recorded the deed on December 9, 2003.

In her petition, Mundy alleged that she and her family adversely possessed the 3.57 Property under the twenty-five- and ten-year adverse possession statutes by running a business on it, installing a pipe fence around it, pasturing their horses and cattle on it, and cutting the weeds and grass on it since 1979. She acknowledged, however, that neither she nor her mother ever paid taxes on the 3.57 Property.

On December 11, 2012, ENE sent a "cease and desist" letter to Jean Swindell, regarding horses and cattle grazing on the 3.57 Property. Almost two years later, on October 8, 2014, Mundy filed her original petition. ENE filed a trespass to try title counterclaim on January 13, 2015. ENE claimed superior title in the 3.57 Property, alleging that it has owned the 3.57 Property since it purchased the property at the tax foreclosure sale in 2003. ENE also claimed that it made written demand that Mundy vacate the property on December 11, 2014.

ENE filed a motion for partial summary judgment, asserting that Mundy's claim to adverse possession of the 3.57 Property occurring prior to the tax foreclosure sale was barred by the Tax Code. The trial court granted ENE's motion,

---

[2] The validity of these deeds is at issue in a related case we also decide today, No. 14-21-00146-CV, *Mundy as Personal Representative of the Estate of Jean Louise Swindell v. ENE, Inc.*

ordering that Mundy "take nothing on any adverse possession claim to title to the Property arising prior to December 9, 2003, the date in which the *Deed under Order of Sale in Tax Suits*, . . . recorded in the Fort Bend Real Property Records . . . , conveyed legal title to the Property to Defendant ENE, Inc." ENE filed a no-evidence motion for partial summary judgment on Mundy's claim under the ten-year adverse possession statute, which the trial court denied.

Subsequently, ENE filed a traditional motion for summary judgment. In this motion, ENE sought to disprove elements of each of Mundy's claims for adverse possession. Relevant to this appeal, ENE contended that the ten-year limitations period for adverse possession did not begin to run until two years after it purchased the property at the foreclosure sale, pursuant to the Tax Code's redemption statute.[3] For that reason, ENE urged that the ten-year period did not begin until November 4, 2005, meaning that to acquire the property, Mundy had to show peaceable possession until November 4, 2015. According to ENE, Mundy could not show peaceable possession of the property for that period because: (1) ENE sent a cease and desist letter on December 11, 2012, demanding that she vacate the property; and (2) ENE countersued for trespass to try title on January 13, 2015. ENE also sought $58,122.49 in attorney's fees.

Mundy responded to ENE's motion, asserting among other things that ENE failed to conclusively establish that Tax Code section 34.21(a)'s redemption right applied to the property because ENE presented no evidence that the record title holder of the 3.57 Property used it as a homestead or as land designated for agricultural use, or that it was a purely mineral interest.[4] Mundy argued that, even if ENE could assert the redemption right of the previous title holder, "under the

_____

[3] *See* Tex. Tax Code § 34.21(a).

[4] *See id.*

4

express language of section 34.21(e) of the Texas Tax Code, the applicable right of redemption period would be six (6) months[.]" Mundy also challenged the reasonableness of the attorney's fees sought by ENE.

On December 14, 2020, the trial court signed a final judgment in ENE's favor.[5] The final judgment granted ENE's traditional motion for summary judgment and denied ENE's request for attorney's fees.

Mundy filed a motion for new trial on January 13, 2021, objecting to the 434th District Court's judge deciding this case and reiterating that ENE would be entitled to, at most, a six-month toll to Mundy's adverse possession limitations period. The motion for new trial was overruled by operation of law.

This appeal followed.

### Analysis

In four issues, Mundy contends that the trial court erred in granting ENE's summary judgment motion because: (1) ENE failed to conclusively establish that Tax Code section 34.21(a) applies in this context and bars her adverse possession claim; (2) the record title holder cannot transfer the right of redemption and thus ENE had no right to assert it as a toll to the accrual date of Mundy's limitations title claim; (3) ENE "never filed suit and the Cease-and-Desist letter fails to interrupt 'peaceable' possession"; and (4) ENE failed to refile and re-serve proper notice of the summary judgment hearing after the case was transferred to the 434th District Court, which made ENE's prior notice ineffective.

---

[5] This judgment was signed by the judge of the 434th District Court, which is the court in which the companion case discussed above was tried. The docket sheet reflects that the case was transferred to that court on December 7, 2020.

5

## A. Standard of Review and Governing Law

We review a grant of summary judgment under a de novo standard of review. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 675-76 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *see also* Tex. R. Civ. P. 166a(c). To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

Civil Practice and Remedies Code section 16.026(a) provides that "[a] person must bring suit not later than ten years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." Tex. Civ. Prac. & Rem. Code § 16.026(a). ENE contended in its summary judgment motion that Mundy "has not met the ten-year requirement of this section" and urged that limitations could not begin to run on ENE until the two-year redemption period provided by Texas Tax Code section 34.21 expired. *See* Tex. Tax Code § 34.21(a). Because this is the only basis on which ENE moved for summary judgment regarding Mundy's ten-year adverse possession claim, it is the only basis on which we may affirm summary judgment in its favor. *See Henckel v. Norman*, 441 S.W.3d 249, 251 n.1 (Tex. 2014); *see also*

6

*Stiles v. Resolution Tr. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[W]e hold that a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response.").

**B.     Application**

In Mundy's first issue, she contends that ENE failed to conclusively establish that Tax Code section 34.21(a)'s redemption period applies in today's case; thus, she urges, ENE failed to show its entitlement to judgment as a matter of law. Relatedly, in her second issue, Mundy argues that the record title holder cannot transfer the right of redemption and thus ENE had no right to assert it as a toll to the accrual date of Mundy's limitations title claim. We consider Mundy's first two issues together.

It is undisputed that ENE did not file suit against Mundy until it filed its counterclaim for trespass to try title on January 13, 2015. This date falls outside the ten-year period running from the date that ENE recorded its deed, December 9, 2003, which expired on December 9, 2013. However, "[i]t is well established that the statutory period of limitations in adverse possession cases does not begin until the expiration of the time in which the record owner is entitled to redeem the property after the tax sale." *Bavousett v. Bradshaw*, 332 S.W.2d 155, 158 (Tex. App.— Amarillo 1959, writ ref'd n.r.e.).

In her second issue, Mundy insists that the ten-year adverse possession period is not affected by the record owner's redemption right because section 34.21 prohibits a transfer of the right of redemption. Although Mundy is correct that the redemption statute currently prohibits the transfer of a right of redemption, the Legislature added this prohibition in 2019, and it specifically applies only to purported transfers of the redemption right after the effective date of the act, which was June 14, 2019. *See* Act of May 22, 2019, 86th Leg., ch. 1345, §§ 2-3; *see also*

*St. Andrews Inv. Co. v. Valdez*, No. 14-19-00781-CV, 2021 WL 330122, at \*4 n.6 (Tex. App.—Houston [14th Dist.] Feb. 2, 2021, pet. denied) (mem. op.).  Thus, the statutory prohibition on right-of-redemption transfers is not applicable here. Moreover, ENE did not claim to "own" the right of redemption.  Instead, it claimed the redemption right of the record owner prior to November 4, 2003 tolled the accrual date of Mundy's adverse possession claim.  As explained above, the adverse possession limitations periods do not begin to run until the expiry of the redemption period provided by the tax code.  *See Bavousett*, 332 S.W.2d at 158.  Thus, Mundy's second issue lacks merit.

We turn to Mundy's first issue.  In its summary judgment motion, ENE urged that Mundy's ten-year limitations period did not begin to run until the two-year tax-sale redemption period expired, i.e., beginning on December 9, 2005, and expiring on December 9, 2015.  *See* Tex. Tax Code § 34.21(a).  Section 34.21(a) provides:

> The owner of real property sold at a tax sale to a purchaser other than a taxing unit that was used as the residence homestead of the owner or that was land designated for agricultural use when the suit or the application for the warrant was filed, or the owner of a mineral interest sold at a tax sale to a purchaser other than a taxing unit, may redeem the property on or before the second anniversary of the date on which the purchaser's deed is filed for record by paying the purchaser the amount the purchaser bid for the property, the amount of the deed recording fee, and the amount paid by the purchaser as taxes, penalties, interest, and costs on the property, plus a redemption premium of 25 percent of the aggregate total if the property is redeemed during the first year of the redemption period or 50 percent of the aggregate total if the property is redeemed during the second year of the redemption period.

*Id.*  However, the record owner of real property sold at a tax sale may exercise the right of redemption for only 180 days if the property sold was not (1) land used as

the record owner's residence homestead, (2) land designated for agricultural use, or (3) a mineral interest. *See id.* § 34.21(e).[6]

Thus, if the 3.57 Property was either the record owner's homestead or land designated for agricultural use, then Mundy's adverse possession claim did not begin to accrue until December 9, 2005, and ENE interrupted the ten-year limitations period by filing its countersuit within that ten-year period on January 13, 2015. But if the 3.57 Property did not fall into either category, then Mundy's adverse possession claim began to accrue on June 6, 2004.

In its summary judgment motion, ENE simply stated that it was entitled to rely on the two-year redemption period provided by section 34.21(a), but it did not assert or present evidence that the 3.57 Property was used as the previous owner's residence homestead or that it was land designated for agricultural purposes. Thus, ENE did not conclusively negate Mundy's ten-year adverse possession claim because it failed to show that her claim began to accrue any later than 180 days after it recorded the deed to the 3.57 Property. *See id.*.

In its appellee's brief, ENE argues that the 3.57 Property was land designated for agricultural use and attaches evidence in support of its claim. However, ENE did not present this same argument and evidence with its summary judgment motion. Therefore, we may not consider them. *See Nagle & Black Aviation, Inc. v. Faberetto*, 290 S.W.3d 277, 287 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (noting that courts of appeals "may not consider evidence that is only attached to briefs"). ENE also argues in its brief that Mundy never peaceably possessed the property because Mundy had no "claim of right" to it. *See* Tex. Civ. Prac. & Rem. Code § 16.021(1) (defining "adverse possession" to mean "an actual and visible

---

[6] It is undisputed that the 3.57 Property is not only a mineral interest.

appropriation of real property, commenced and continued *under a claim of right* that is inconsistent with and is hostile to the claim of another person" (emphasis added)). ENE suggests that Mundy "has never had a claim of right to the property" because she has known since the tax foreclosure sale that ENE actually owns the 3.57 Property. Here again, ENE did not move for summary judgment on this ground. We may not affirm a summary judgment on grounds not expressly presented to the trial court. *FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 838 (Tex. 2022).

Alternatively, ENE suggests that, assuming the 180-day redemption period applies, the ten-year adverse possession limitations period would have expired on June 6, 2014, and ENE interrupted Mundy's peaceable possession during that period by sending a cease-and-desist letter on December 11, 2012. We reject this argument for two reasons. First, ENE did not assert it below. Second, "peaceable possession" means "possession of real property that is continuous and is not interrupted by *an adverse suit* to recover the property." Tex. Civ. Prac. & Rem. Code § 16.021(3) (emphasis added). A cease-and-desist letter is not an adverse suit to recover possession of the property. ENE cites no authority holding otherwise. Accordingly, we may not affirm the judgment on the ground that ENE's cease-and-desist letter interrupted Mundy's peaceable possession of the 3.57 Property.

We hold that the trial court erred in granting summary judgment in ENE's favor because ENE failed to conclusively negate the only element of Mundy's ten-year adverse possession claim that it challenged in its summary judgment motion, i.e., that Mundy satisfied the ten-year limitations period provided by Civil Practice and Remedies Code section 16.026(a). We express no opinion on any other grounds that ENE raised in its appellee's brief for affirming summary judgment because these

10

grounds were not expressly presented to the trial court in its summary judgment motion.

We sustain Mundy's first issue. Our resolution of this issue makes it unnecessary to address Mundy's remaining issues. *See* Tex. R. App. P. 47.1. We do not address whether Mundy is entitled to judgment as a matter of law because she did not file a cross-motion seeking that relief.

## Conclusion

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

/s/     Kevin Jewell
        Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.