## CURTIS v. UTAH FUEL CO. et al.
### Civil No. 728.

District Court, D. New Jersey,
Nov. 19, 1941.

Nicholas J. Curtis, pro se.

Addison P. Rosenkrans, of Paterson, N. J., for defendants Nicholas J. Pappas, Helen N. Pappas, Harry Sussman, and William V. Rosenkrans.

Minton & Rogers by H. Collin Minton, Jr., all of Trenton, N.J., for defendants Utah Fuel Co., Dr. Frederick Dunn, Dr. A. C. Callister, Dr. E. D. Smith, Charles E. Maybe (Charles R. Mabey), and W. D. Sutton.

Carol C. Johnson, pro se.

WALKER, District Judge.

#### Motion No. 1

The motion of the defendants, Nicholas J. Pappas, Helen N. Pappas, Harry Sussman

and William V. Rosenkrans is for an order striking the complaint filed by the plaintiff and it is for an order quashing the summons issued thereon.

### Ruling

The complaint which the plaintiff entitled "Declaration" states that Nicholas J. Curtis is a citizen and subject of the Kingdom of Greece, and a resident of Ridgewood, Bergen County, New Jersey; that the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000, and "Jurisdiction founded on existence of several federal questions and amount in controversy."

The second, twenty-first and twenty-second counts name the aforesaid defendants and relate to money due and owing for work, labor and services performed.

It is difficult to determine, from a reading of the complaint, the nature of the action which the plaintiff attempts to allege, but whether or not jurisdiction arises under the Constitution or laws of the United States or treaties made, or which shall be made under their authority [1] or rests on the fact that the plaintiff is a subject of a foreign country and the defendants in question are citizens of the State of New Jersey,[2] the amount in controversy must exceed, exclusive of interest and costs, the sum or value of $3,000.

The counts hereinbefore referred to contain specific allegations as to the amount in controversy and said specific allegations limit the general allegations which appear in other parts of the complaint and establish the sum of $347.92, exclusive of interest and costs as the amount in controversy between the plaintiff and the defendants, Nicholas J. Pappas, Helen N, Pappas, Harry Sussman and William V. Rosenkrans. Therefore, this court does not have jurisdiction as to said defendants, and their motion to strike the complaint and to quash the service of summonses is granted as to each of them. In fact, no matter how we struggle with the complaint there seems to be no conceivable reason why William V. Rosenkrans is made a party defendant.

The court could also grant the relief requested by the defendants Nicholas J. Pappas, Helen N. Pappas and Harry Sussman on another ground; the plaintiff is attempting to try in this court as to them a matter already adjudicated by a state court.

### Motion No. 2

The defendants, Dr. Frederick Dunn, Dr. A. C. Callister, Dr. E. D. Smith, Charles E. Maybe (Charles R. Mabey) and William D. Sutton move to quash service of the summonses made upon them. The record shows that they were served by Gilbert Mecham, United States Marshal for the District of Utah at Salt Lake City, Utah, with the exception of Dr. Frederick Dunn, who was served at Springfield, Utah.

### Ruling

Except as provided in Sections 113 to 118 of Title 28 U.S.C.A.,[3] no civil suit shall be brought in any district court against any person by any civil process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant.[4]

The first provision has been violated because the plaintiff has attempted to bring the action in question in the district (New Jersey) where he says he resides, and the second provision has been violated because where jurisdiction rests on diverse state citizenship only, the suit instituted in the residence of the plaintiff can effect nothing unless he is able there to secure the service of process on the defendants.

The motion is granted and service of summons on Dr. Frederick Dunn, Dr. A. C. Callister, Dr. E. D. Smith, Charles E. Maybe (Charles R. Mabey) and William D. Sutton is quashed.

### Motion No. 3

The defendant, Carol C. Johnson, a citizen and resident of New York moves to quash service of the summons made upon him. The record shows that he is a citizen of the State of New York and he was served by Leo Lowenthal, United

---

[1] Title 28 U.S.C.A. § 41 (1) (a).
[2] Title 28 U.S.C.A. § 41 (1) (c).
[3] Exceptions do not apply.
[4] Title 28 U.S.C.A. § 112.

572

States Marshal for the Southern District of New York.

### Ruling

Except as provided in Sections 113 to 118 of Title 28 U.S.C.A.,[5] no civil suit shall be brought in any district court against any person by any civil process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant.[6]

The first provision has been violated because the plaintiff has attempted to bring the action in question in the district (New Jersey) where he says he resides, and the second provision has been violated because where jurisdiction rests on diverse state citizenship only, the suit instituted in the resident of the plaintiff can effect nothing unless he is able there to secure the service of process on the defendant.

The motion is granted and service of summons on Carol C. Johnson is quashed.

### Motion No. 4

Utah Fuel Company moves to strike the complaint on the grounds more particularly set forth in its notice of motion.

| Motion addressed to: | Ruling |
|---|---|
| 1st count | Denied |
| 2nd count | Granted |
| Paragraphs 36 to 39, inclusive Counts 21 and 22 | Granted. |
| 7th count | Denied |
| 8th Count | Denied |
| 9th Count | Denied |
| 10th Count | Denied |
| 11th Count | Denied |
| 12th Count | Denied |
| 13th Count | Denied |
| 14th Count | Denied |
| 15th Count | Denied |
| 16th Count | Denied |
| 17th Count | Denied |
| 18th Count | Denied |
| 19th Count | Denied |
| 20th Count | Denied |
| 23rd Count | Granted |
| 24th Count | Granted |
| 25th Count | Denied |

### Motion No. 5

The plaintiff moved to submit affidavits and exhibits in opposition to the motion to dismiss. The court, however, was unable to consider same because the plaintiff did not give notice of said motion as required by the Rules.[7]

The necessary orders should be presented.

---

[5] Exceptions do not apply.
[6] Title 28 U.S.C.A. § 112.

[7] Rule 5, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.