## WATERS v. YOCKEY.

### No. 13646.

Court of Civil Appeals of Texas. Dallas.

Nov. 2, 1945.

Rehearing Denied March 29, 1946.

Katherine Counts, of Dallas, for appellant.

Wm. H. Flippen and John W. Miller, both of Dallas, for appellee.

YOUNG, Justice.

The actions herein are tripartite in fact; initiated by suit of B. D. Wilson Plastering Company for debt against defendants Fleming A. Waters and C. H. Yockey, arising out of a contract furnishing labor and building material; last named parties being respectively appellant and appellee here. The cross action of Yockey was against Waters for money due on a contract to furnish labor and material; while the further cross suit by Waters was for damages, alleging negligence in the work of waterproofing his residence basement at 4505 Edlen Drive, Dallas. Trial to the court resulted in judgment for the Wilson Company against C. H. Yockey in sum of $243.22; against Fleming A. Waters in his claim against Wilson Company and Yockey, and in favor of C. H. Yockey and against codefendant Waters, for $500; legal interest and costs being added to above amounts of recovery. The appeal is by Waters from above judgment against him.

Additional to a statement of facts and detailed findings of date March 31, 1945, made at instance of appellant, the record includes amended findings of fact filed April 5, following motion of appellee therefor. Rule 298, Texas Rules of Civil Procedure, provides for amended findings. We think the last or amended findings are controlling of the fact situation here; and, as a result, the original findings must be disregarded. See definition of the terms "to amend, amendment" in Vol. 3 Words and Phrases, Perm.Ed., p. 318; 33 Tex. Jur. p. 513; West v. Johnson, Tex.Civ.App., 129 S.W.2d 811, writ refused, the rule governing amended pleadings being applicable we think to amended findings of fact. We adopt the findings last made in support of the particular judgment against

Waters. Paragraph 3 thereof is to the effect that Yockey agreed with appellant to waterproof his residence basement "under the supervision of Fleming A. Waters and on a cost-plus basis;" and finding 7 is that defendant Waters "has been damaged as the result of his basement's being flooded due to *conditions of the neighborhood.*" (Italics ours).

A majority of the points stressed on this appeal involve the word "waterproof", Waters claiming that Yockey in effect guaranteed a basement that would not leak;. appellee contending that he only agreed to apply certain substances as directed by the house owner. The word "waterproof" in connection with a basement building is a relative expression and does not mean that water is to be kept out under all conditions and circumstances; and if a basement walls and flooring are so constructed as to keep out water and dampness under such weather conditions as might have been reasonably foreseen or anticipated, it is deemed waterproof in law. Vol. 44 Words and Phrases, Perm. Ed., p. 746; citing Ozark Grocery Co. v. Crandall, 13 Ark. 481, 199 S.W. 551, L.R.A. 1918B, 824. And the finding that the later flooding of appellant's basement was due to "conditions of the neighborhood" effectually acquits Yockey of negligence as regards the work and material supplied by him.

Appellee's third counter point is therefore adopted as our conclusion herein under the issues raised for the court's determination by pleading and evidence of the respective parties. It reads: "The court by amended findings of fact, having found that appellee Yockey agreed to waterproof the appellant's basement under the supervision of appellant, and that the appellant had been damaged as a result of his basement being flooded, 'due to the condition of the neighborhood', judgment was properly entered for the appellee. The finding that the damage was due to the condition of the neighborhood was an element of the appellee Yockey's defense to appellant Fleming A. Waters' cross action. The finding that the 'waterproofing' was done under the supervision of appellant was another element of appellee Yockey's defense (estoppel) to appellant Fleming A. Waters' cross action. The judgment is further supported by presumptions, which presumptions are, in turn, supported by the evidence."

Appellant further insists that aforesaid findings are at best incomplete, pointing out that finding 7 of basement flooding subsequent to appellee's construction required a judgment accordingly on his cross action. We can only give effect to the findings as made, omitted elements, when supported by evidence, being supplied by presumption in support of the court's rendition. Rule 299, Texas Rules of Civil Procedure.

Case affirmed.

## On Rehearing.

Further consideration has been held in abeyance pending certificate to the Supreme Court, Rule 461 et seq. The question submitted having been answered in all respects consistent with above opinion of affirmance (Tex.Sup., 192 S.W.2d 769), motion for rehearing is accordingly overruled.