**ANDERSON et al. v. GERAGHTY.**

No. 11835.

Court of Civil Appeals of Texas. San Antonio.

June 9, 1948.

William N. Hensley and H. G. Davis, both of San Antonio, for appellants.

Harry A. Nass and Byron Poulis, both of San Antonio, for appellee.

NORVELL, Justice.

The appellee, John E. Geraghty, served as Justice of the Peace of Precinct No. 2 of Bexar County for a two-year period, beginning on January 1, 1945, and ending December 31, 1946. He contends that he was not paid the compensation to which he was entitled under the law, and brought this action against the Commissioners' Court of the County to recover such compensation. The district judge agreed with Geraghty's contention and rendered judgment in his favor. The County Judge and Commissioners have appealed.

There is no statement of facts and the case is here upon the findings of fact and conclusions of law filed by the trial judge at the appellants' request.

The original findings of fact and conclusion of law are as follows:

"Findings of Fact

"1. That Plaintiff John E. Geraghty was duly elected in the July primary and general election of 1944, and duly qualified, acted and performed all of the duties required of him as Justice of the Peace, Precinct No. 2, Bexar County, Texas, from January 1st, 1945, to and including December 31, 1946.

"2. That the salary of the Justice of the Peace, Precinct No. 2, Bexar County, Texas, was prior to August, 1944, the sum of $2,880.00 dollars per year.

"3. That the Plaintiff John E. Geraghty is entitled to a reasonable salary from January 1st, 1945, to and including December 31st, 1946, in the sum of $5,760.00, as Justice of the Peace, Precinct No. 2, Bexar County, Texas.

"4. That the County Judge and County Commissioners acting for Bexar County, Texas, acted arbitrarily and capriciously in the resolutions adopted by said body endeavoring to fix a budget allocation at such figure as to limit the salary of Plaintiff John E. Geraghty, as Justice of the Peace, Precinct Number 2, to the sum of $50.00 per month.

"5. That the resolution passed by the Bexar County, Texas, Commissioners' Court, pertaining to the budget of Bexar County, Texas, for the year 1945, insofar as same affected or purported to affect, the salary of John E. Geraghty, Justice of the Peace, Precinct Number 2, were null and void.

"6. That the Plaintiff John E. Geraghty is entitled to recover of and from Bexar County, Texas, the sum of $2,010.00, same being the difference between $5,760.00 and the sum of $3,750.00 heretofore tendered and not accepted by Plaintiff.

"Conclusion of Law

"A duly elected and qualified Justice of the Peace, performing all statutory duties for his term of office is entitled to recover and be paid a reasonable salary for such rendered services which said salary can be fixed and determined by the District Court when it is shown that the only acts of the Commissioners' Court pertaining to the fixing of such salary were arbitrary and capricious and did not comply with statutory requirements."

Later, at appellants' request, the trial judge filed the following supplemental findings of fact:

"That there are seven Justices of the Peace Courts in Bexar County. That the salaries of the Justices of the Peace of Precincts 2, 6, 7 and 8 were the same from the inauguration of the salary system in Bexar County on January 1, 1942, to December 31, 1946, with the exception of the period of the eleven months from September 1st, 1944, to July 31st, 1945, to-wit: January 1, 1942, to July 31, 1942, $240.00 per month; August 1, 1942, to July 31, 1944, $202.25 per month; August 1, 1944, to August 31, 1944 (one month only), $205.56; from September 1, 1944, to July 31, 1945, Justice

of the Peace, Precinct No. 2, was at a salary of $50.00 per month while Justices of Precincts 6, 7 and 8 were at a salary of $100.00 per month.

"Plaintiff took office January 1st, 1945.

"The salaries of Precinct No. 2 and of Precincts 6, 7 and 8 were all raised effective August 1, 1945, to $200.00 per month and remained $200.00 per month from that date until December 31, 1946.

"During the period of January 1, 1945, to July 31, 1945, plaintiff was placed on the same salary as Justice Precincts 3, 4 and 5, which precincts were receiving $50.00 per month."

■ We hold that the trial court erred in allowing a recovery of $5,760.00 upon the finding that such sum was a reasonable salary for the period of time from January 1, 1945, to December 31, 1946. We so hold, for the reason that the findings of fact disclose that the salary for the period of time involved was fixed by orders of the Commissioners' Court, which are not attacked as invalid in this proceeding. Consequently there was no occasion for the district court to set a "reasonable salary," if it be considered that the District Court has the power to set such salary in the absence of valid action by the Commissioners' Court, a point which we do not decide.

■ Any conflict between the original findings of fact and the supplemental findings must be resolved in favor of the later findings. The supplemental findings are more specific, were filed at a later time and expressly designated as "additional and amended findings of fact."

According to these supplemental findings, appellee's salary as Justice of the Peace for Precinct No. 2, was fixed at $200.00 per month for a seventeen months' period, August 1, 1945, until December 31, 1946. This amounts to $3,400.00.

■ For the first seven months of appellee's tenure of office (January 1, 1945, to July 31, 1945), there was an order upon the minutes of the Commissioners' Court setting the compensation of the Justice of the Peace of Precinct No. 2 at $50.00 per month. This order was pronounced void by the trial court. However, the supplemental findings disclose that the salary set for the office of Justice of the Peace Precinct No. 2 for August 1, 1942, to July 31, 1944, was $202.25 per month. Another order was then passed setting the compensation at $205.56 per month. The Commissioners' Court attempted to supersede this order with the $50.00 per month order. As this later order was invalid the $205.56 per month order remained in effect until it was superseded by the order setting $200.00 per month salary, and covered the first seven months of appellee's tenure of office. Appellee was therefore entitled to draw compensation at the rate of $205.56 per month for seven months, a total of $1438.92, which, added to $3,400.00 makes a total of $4,838.-92. Hill County v. Sauls, Tex.Civ.App., 134 S.W. 267.

■ The description of the various salary setting orders of the Commissioners' Court contained in the supplemental findings are brief, but, as we are considering the acts of public officials, we must presume their validity until the contrary be shown. We therefore presume that the order providing for a salary of $205.56 per month was in all things a valid and binding order complying with the applicable statutory provisions for the period of time involved, i. e., Article 3912e, Sec. 19(c), Vernon's Ann.Civ.Stats., which provides that:

"Precinct Officers, as defined in this section, shall be compensated after an order duly enacted by the Commissioners' Court as herein provided, on an annual salary basis from said Officers' Salary fund; such salaries shall be fixed by the Commissioners' Court at a reasonable sum not to exceed Four Thousand ($4,000.00) Dollars each; * * *."

■ Appellee contends that the supplemental findings can not be considered as the request therefor was not made within the five-day period prescribed in Rule 298, Texas Rules Civil Procedure. The request was, however, acceded to by the trial judge and the supplemental findings prepared and filed promptly so that the transcript could have been filed in this Court within the period of time prescribed by Rule 386, Texas Rules Civil Procedure. We overrule

appellee's objection to consideration of the supplemental findings, on authority of Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818.

■ Except as hereinabove indicated, appellants' points do not disclose a reversible error. Some contention is made that the $50.00 a month salary order is valid, but as there is no statement of facts, the issue is necessarily limited to whether or not the conclusion that the order is void is supported by the finding that the Commissioners' Court "acted arbitrarily and capriciously" in limiting the salary of appellee to $50.00 per month. Article 5, § 8, of the Texas Constitution, Vernon's Ann. St., vests the District Court with "appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." The District Court, therefore, has authority to declare that a capricious and arbitrary order of the Commissioners' Court is ineffectual and void, in the absence of restrictive legislation depriving the District Court of this power. The Legislature has not attempted to restrict the jurisdiction of the District Court in the particular here involved.

■ In the pleadings no mention is made of appellee's having filed a claim with the Commissioners' Court prior to the filing of this suit. Article 1573, Vernon's Ann.Civ. Stats. Appellants contend that the judgment should be reversed because of this alleged defect in the pleadings. The findings of fact do not mention the filing of a claim and no request for a finding upon the point was made. The objection to the sufficiency of the pleading was apparently made for the first time in this Court, and in our opinion comes too late. Rule 90, Texas Rules Civil Procedure; Wingo v. Seale, Tex.Civ.App., 1948, 212 S.W.2d 968.

■ The judgment rendered is not one for "extra compensation" and does not violate Article 3, § 53, of the Texas Constitution.

The trial court rendered judgment for $2,010.00, "same being the difference between $5,760.00 and the sum of $3,750.00, heretofore tendered and not accepted by the Plaintiff." The judgment appealed from will be reformed so as to provide for the recovery of $1,088.92, being the difference between $4,838.92 and the sum of $3,-750.00, the amount heretofore tendered by the county, that is, the judgment will be reformed so as to reduce the amount of appellee's recovery from $2,010.00 to $1,-088.92.

As so reformed, the judgment of the trial court will be affirmed. Costs of appeal are taxed against appellee.

Judgment reformed and as reformed affirmed.