**Bill J. HOOD, Appellant,**

**v.**

**Perry L. ADAMS et al., Appellees.**

**No. 6907.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 25, 1960.

First Rehearing Denied March 7, 1960.

Second Motion for Rehearing Overruled
April 11, 1960.

Boling & Griffith, Lubbock, for appellant.

Campbell, Brock, Wright & Waters, Lubbock, for appellees.

DENTON, Chief Justice.

This is an appeal from a judgment awarding plaintiff Perry L. Adams the sum of $2,000 actual damages and awarding to plaintiff Jewel Mullins the sum of $1,000 actual damages for the action of Bill J. Hood, defendant below, in severing and removing sod and top soil from the two plaintiffs' adjoining tracts of land. From this judgment awarding the above damages, the appellant, defendant below, perfected his appeal and brings forward seven points of error.

The case was tried before the court without a jury. Upon the request of appellant, the trial court filed findings of fact and conclusions of law. By his third point of error, appellant complains of the additional findings of fact filed by the trial court. It is appellant's position that the additional findings were not requested by either party, and that such additional findings were in conflict with portions of the previous findings. The record reveals that appellant filed objections to the court's original findings on February 23, 1959, and in the same instrument requested some five additional findings of fact. On February 28, 1959, within the five day period allowed by Rule 298, Vernon's Ann.Texas Rules, the trial court refused the appellant's requested additional findings, but did file some other findings not requested by the appellant. We think it is clear that under Rule 298, V.A.T.R., the trial court had the unquestioned authority to file additional findings not specifically requested by the appellant. In its original findings the trial court found the reasonable cost to restore the Adams land to its original condition was $2,000 and that such cost to the Mullins land was $1,000. The court further found, "* * * that in view of the willful nature of the acts of the defendant and his gross and conscious indifference to the property rights of plaintiffs that each of the parties would be entitled to exemplary damages; however, the Court considers that the actual damages as awarded were adequate to

compensate each party and no exemplary damages were awarded in such judgment." In its additional or amended findings, the Court found the cost of restoration of the Adams land to be $1,400 and such cost to the Mullins land to be $700. In its additional findings the court further found Adams and Mullins to be entitled to $600 and $300 exemplary damages, respectively. There is an apparent conflict between the two sets of findings of fact by the trial court, as well as a conflict between the judgment entered and the amended findings. In another additional finding which was not included in the original findings, the court found the cash market value of the two tracts of land immediately before and after the admitted removal of top soil by appellant. This finding is of no force or effect due to the fact the trial court found the injury to the land to be temporary and not permanent. Any conflict between the original findings of fact and later filed additional findings must be resolved in favor of the later filed findings. Waters v. Yockey, Tex.Civ.App., 193 S.W. 2d 575; Thompson v. San Pat Vegetable Co., Tex.Civ.App., 207 S.W.2d 195; Anderson v. Geraghty, Tex.Civ.App., 212 S.W. 2d 972. Finding no reversible error in the court's action complained of, the appellant's third point of error is overruled.

■ Appellant's points of error Nos. 1, 2, 4 and 5 deal with the measure of damages found by the trial court. In a case of this nature, the measure of damages is determined by the type of injury to the land. If the injury to the land was permanent, it is a settled rule of law in this State that the measure of damage is the difference between the value of the land immediately before the injury and its value immediately after. Ft. Worth & D. C. Ry. Co. v. Hogsett, 67 Tex. 685, 4 S.W. 365. Many more recent cases follow this well settled rule. Whether or not the injury is permanent or temporary is a question of fact to be determined by the jury or the trial court if there be no jury. Here the trial court found the injury to be temporary and that the land could be restored by the proper application of top soil. After reviewing the complete record, we are convinced there was ample evidence to support the trial court's finding that the injury to the land in question here was temporary.

■ In a Supreme Court case of Trinity & S. Ry. Co. v. Schofield, 72 Tex. 496, 10 S.W. 575, 576, we find the following language:

"If land is temporarily but not permanently injured by the negligence or wrongful act of another, the owner would be entitled to recover the amount necessary to repair the injury, and put the land in the condition it was at the time immediately preceding the injury, * * *."

See also Gulf Pipe Line Co. v. Hurst, Tex. Civ.App., 230 S.W. 1024; Burlington-Rock Island R. Co. v. Newsom, Tex.Civ.App., 239 S.W.2d 734. In view of the authorities and the evidence presented in the original proceeding, we find no error in the trial court's findings relative to the measure of actual damages suffered by the appellees. Therefore, appellant's points of error 1, 2, 4 and 5 are overruled.

■ Appellant further contends the trial court erred in awarding punitive damages. Appellant admitted he went upon the appellees' land and took a large amount of top soil without the knowledge or consent of the appellees. The evidence further shows that the appellant permitted his employees to continue to take soil from the appellees' land after the appellant had actual notice of the appellees' ownership of the land, and their asserted objections to the appellant's actions in removing the soil. We therefore hold that the evidence supports the trial court's findings that appellant's actions were willful, and that such acts constituted conscious indifference to the rights of appellees. Where actual damages have been sustained and where a willful and intentional injury upon the plaintiffs' land or premises has been pleaded and proved, exemplary or punitive damages may be re-

covered in an action of trespass. 41–A Tex. Jur. 494, Sec. 38, and cases there cited. Appellant's sixth point of error is therefore overruled.

■ The final judgment appealed from merely awarded appellee Adams the sum of $2,000 actual damages and appellee Mullins the sum of $1,000 actual damages. The amended findings of fact filed after the date of the judgment found the cost to restore the Adams land was $1,400 and found him entitled to $600 exemplary damages, and found the cost to restore the Mullins land was $700 and found him entitled to $300 exemplary damages. The judgment and the amended findings of fact do not conform. Although the monetary effect between the parties is the same, we deem it advisable to reform the judgment to conform with the amended findings of fact.

The judgment of the trial court is hereby modified to read that Perry L. Adams do have and recover of and from Bill J. Hood the sum of $1,400 actual damages and $600 exemplary damages; and that Jewel Mullins do have and recover of and from Bill J. Hood the sum of $700 actual damages and $300 exemplary damages. Except as modified, the judgment of the trial court is hereby affirmed.

On Appellant's Motion for Rehearing.

PER CURIAM.

■ In appellant's motion for rehearing, he complains of the court's failure to discuss appellant's point of error No. 7. We have carefully examined the motion and have again reviewed the authorities cited, both in the original opinion and in appellant's brief. Appellant's 7th point of error dealt with a general complaint of the trial court in awarding grossly excessive damages. Points of error 1, 2, 4 and 5 were more specific points complaining of the damage aspect of the case. We are of the opinion these points were adequately discussed in the original opinion and that the holdings thereunder properly disposed of appellant's 7th point of error even though the opinion did not specifically spell out such holding.

We have examined appellant's motion dealing with other phases of the court's original opinion but we remain convinced a proper disposition of the case was reached.

It is therefore ordered that the motion for rehearing be overruled.