William **REDMAN**, Appellant,

v.

**M. E. BENNETT**, Appellee.

No. 211.

Court of Civil Appeals of Texas.

Tyler.

April 7, 1966.

Rehearing Denied April 28, 1966.

W. E. West, Canton, for appellant.

Enoch Fletcher, Grand Saline, for appellee.

DUNAGAN, Chief Justice.

This is a damage suit originating in the County Court of Van Zandt County, Texas. The case was tried before the court without a jury, and from an adverse judgment appellant has perfected his appeal. This appeal comes to us without a complete record, but does include the findings of fact and conclusions of law of the trial court.

A judgment was entered in this case October 1, 1965, and the material portions thereof are as follows:

"Both parties came in person and by Attorney, and announced ready for trial. The Court having heard the evidence and argument of Counsel finds that the accident was not an unavoidable accident, but was due to negligence on the part of the defendant as alleged by plaintiff. The Court finds that the automobile in question had a cash market value at Grand Saline of $600.00 immediately before the accident, and that its cash market value at Grand Saline was $275.00 immediately after the accident.

"It is therefore, the Judgment of the Court that the plaintiff, M. E. Bennett, do have and recover of the defendant, William Redman, the sum of $325.00 together with all cost of suit for which execution may issue. This Judgment will bear interest at the rate of 6% per annum from September 17, 1965.

"To which Judgment the defendant in open Court excepted and gave notice of appeal to the Twelfth Court of Civil Appeals of Texas, at Tyler, Texas. Entered this 1st day of October, 1965."

Plaintiff alleged in Paragraph III of his petition that:

"The defendant ran a red light just before he struck plaintiff's car, and

skidded his car into plaintiff's car. He was guilty of the following acts of negligence each of which together with the running of the red light was the proximate cause of the injury to plaintiff's car:

"1. The defendant did not have his car under proper control.

"2. The defendant was driving too fast at the time, and under the conditions then existing.

"3. The defendant did not properly apply his brakes.

"4. The defendant did not observe a proper lookout.

"5. The defendant did not propel his car to the left far enough to miss plaintiff's car."

Pursuant to request of appellant, the trial court made and filed on October 13, 1965, its findings of fact and conclusions of law, to-wit:

## "FINDINGS OF FACT AND CONCLUSIONS OF LAW

### "THE COURT FINDS AND CONCLUDES:

"That suit was brought by Plaintiff against Defendant alleging damage to Plaintiff's automobile as a result of negligent acts of Defendant;

"that the Plaintiff, M. E. Bennett, on May 8, 1965, was the owner of a 1958 Impala Chevrolet automobile which was legally parked approximately 15 feet East of and slightly South of the Southeast corner of the intersection of Highway 80 and Main Street in Grand Saline, Texas;

"that Defendant Redman had travelled the same highway route seven to eight times and was familiar with the physical conditions of the highway and the existence of the blinking caution light approximately one block West of the inter-

section, and the traffic light at the intersection;

"that the intersection and highway was wet at the time of the accident and the Defendant Redman proceeded Eastward in a pickup truck down a 15% slope on Highway 80 at a speed of 25 to 30 mph to a point approximately 15 feet West of the intersection when he first applied his brakes, upon the traffic light changing from amber to red;

"that Defendant Redman's pickup truck slid through the intersection at an angle with the traffic lanes and collided with Plaintiff's vehicle, travelling a total distance of 120 feet from the point of application of brakes to the point of impact with the rear of Plaintiff's automobile;

"that the front end of Plaintiff's automobile was damaged as well as the rear by the force against a guard rail and the cash value of Plaintiff's 1958 Chevrolet Impala automobile at Grand Saline, Texas, immediately before the accident was $600.00 and immediately after the accident, $275.00;

"that Defendant Redman failed to keep his vehicle under proper control, was driving at an excessive speed under conditions then existing and did not properly apply his brakes; that such acts and omissions were negligence which were the proximate cause of the accident, and consequently, the Plaintiff's damages in the amount of $325.00.

"That the accident was not the result of an unavoidable accident;

"That running the red light was not negligence per se."

Appellant brings forward a number of Points of Error, each of which challenge the sufficiency of the evidence. These Points challenging the sufficiency of the evidence can be determined only by referring to the statement of facts. There was none filed in this case.

Since this case has come to this court without a record of the evidence, we are bound by the findings of fact of the trial court and must presume that the evidence was sufficient and that every fact necessary to support the findings and judgment within the scope of the pleadings was proved at the trial. Fitchett v. Bustamente, 329 S.W.2d 920 (Tex.Civ.App.) 1959, writ refused, n. r. e.; Cunningham v. Fort Worth Pipe & Supply Company of Abilene, 384 S.W.2d 229 (Tex.Civ.App.) 1964, n. w. h.; Howell v. First Federal Savings And Loan Association of New Braunfels, 383 S.W.2d 484 (Tex.Civ.App.) 1964, writ of error refused, n. r. e.; Southern Pine Lumber Co. v. Smith, 183 S.W.2d 471 (Tex. Civ.App.) 1944, writ refused, without merit; Cruz v. First Credit Corporation, 380 S.W.2d 749 (Tex.Civ.App.) 1964, n. w. h.; Phillips v. American General Insurance Company, 376 S.W.2d 808 (Tex.Civ.App.) 1964, n. w. h.; Harris v. Lebow, 363 S.W. 2d 184 (Tex.Civ.App.) 1962, writ of error refused, n. r. e.; Mulcahy v. Cohen, 377 S.W.2d 100 (Tex.Civ.App.) 1964, error refused, n. r. e.; Ehrhardt v. Ehrhardt, 368 S.W.2d 37 (Tex.Civ.App.) 1963, writ refused; Gelfond v. Levit, 398 S.W.2d 659 (Tex.Civ.App.) 1966, n. w. h.; Chadwick v. Glens Falls Insurance Company, 340 S. W.2d 501 (Tex.Civ.App.) 1960, n. w. h.; Turner v. Day, 322 S.W.2d 300, 305 (Tex. Civ.App.) 1959, n. w. h.; Guerra v. Guerra, 362 S.W.2d 421 (Tex.Civ.App.) 1962, n. w. h.

Points attacking the judgment require a determination of whether there was proof to support it. The record shows evidence was heard. At the request of appellant, the court filed its findings of fact, which support the judgment for appellee. The record consists of a transcript without a statement of facts; these points thus present nothing for review. Sekaly v. Hilton Center, Inc., 340 S.W.2d 827 (Tex.Civ. App.) 1960, n. w. h.

On November 1, 1965, appellant filed what is labeled "Defendant's Requested Findings of Fact" which was given by the court.

Appellee contends that the purported supplemental findings of fact cannot be considered as the request therefor was not made within the five-day period prescribed in Rule 298, Texas Rules of Civil Procedure. The request was, however, acceded to by the trial judge and the supplemental findings prepared and filed promptly so that the transcript could have been filed in this court within the period of time prescribed by Rule 386, Texas Rules of Civil Procedure. Anderson v. Geraghty, 212 S. W.2d 972 (Tex.Civ.App.) 1948, n. w. h. We overrule appellee's objection.

The appellant contends that: "The original Findings of Fact and Conclusions of Law as the Court found without support of any testimony, is completely erased by the Court's approving Appellant's Requested Findings of Fact and his original Findings should either be ignored or they should be read in the light of his Findings of Fact as approved when requested by Appellant." We recognize the rule of law that any conflict between the original findings of fact and the supplemental findings must be resolved in favor of the later findings. Anderson v. Geraghty, supra; Waters v. Yockey, 193 S.W.2d 575 (Tex.Civ.App.) 1946, n. w. h.; Hood v. Adams, 334 S.W.2d 206 (Tex.Civ.App.) 1960, n. w. h.

However, we do not believe that any conflict exists because the purported requested findings of fact consist only of testimony given by the defendant-appellant and the Chief of Police of Grand Saline, and which at least in part, was only a mere conclusion. Nowhere in the purported requested findings of fact does the court find such testimony to constitute the facts in the case. Neither does the trial judge certify that this statement of the evidence contains all of the evidence introduced with the exception of Fact No. 1 which reads: "The Court finds that there was only the testimony of the Defendant that he was

driving along Highway 80 at a speed of 25 to 30 miles per hour, there being no other vehicles on the block approaching the intersection with Main Street of the town of Grand Saline." A similar fact situation was involved in the case of Gelfond v. Levit, supra. This is only one of the findings made by the trial court in support of its judgment. If this finding should be deficient in any respect, it does not disturb the other findings made that justify the judgment. Foran v. Smith, 228 S.W.2d 251, 256 (Tex.Civ.App.) 1950, n. w. h.

■ Moreover, in a non-jury case, the trial court is the judge of the credibility of the witnesses and the weight to be given their testimony, and findings of the court are entitled to the same weight and conclusiveness on appeal as the verdict of a jury. Niagara Fire Insurance Company v. Numismatic Company of Fort Worth, 380 S.W.2d 830, 836 (Tex.Civ.App.) 1964, writ refused, n. r. e.; Comet Motor Freight Lines v. Holmes, 175 S.W.2d 464, 467 (Tex. Civ.App.) 1943, writ refused, want of merit; Richardson v. Raby, 376 S.W.2d 422 (Tex. Civ.App.) 1964, n. w. h. The trier of facts, as the sole judge of the credibility of the witnesses, could believe or disbelieve the testimony of the defendant-appellant. Gardner v. Bailey, 376 S.W.2d 85, 88 (Tex. Civ.App.) 1964, writ refused, n. r. e. Apparently, the trial court believed the witness Redman, the defendant, in respect to his testimony as to the speed he was traveling on the occasion in question.

■ It has been held that the general burden of appeal rests upon the party prosecuting it, and he must present a record which is sufficiently full to show clearly the action of the court and the area of which he complains. The burden is upon him to bring up the whole record. If he brings up a record which shows the proceedings only in part, every reasonable presumption will be indulged in favor of the ruling below, and reversal will not be ordered unless it appears that upon no possible state of the case could the ruling be upheld.

Boyd v. Robinson, 304 S.W.2d 430 (Tex. Civ.App.) 1957, n. w. h.

The record shows that appellant filed objections and exceptions to the court's findings of fact and conclusions of law, which the court overruled. The file mark thereon shows these objections and exceptions were filed on the same day and hour of the appellant's requested findings of fact. A reading of this instrument leaves no doubt that the objections and exceptions stated therein were lodged to the findings of fact and conclusions of law made by the court and filed on October 13, 1965. Apparently, appellant at that time did not consider that the supplemental findings eliminated the original findings (which we think were the only findings of fact filed in this case) or that such findings should be ignored.

The appellee in his brief complains that no notice was served upon him nor his attorney of the filing of the request for the court to make additional findings of fact as provided for under Rule 298, Texas Rules of Civil Procedure and in accordance with the provisions of Rules 21a and 21b of Texas Rules of Civil Procedure, and that neither he nor his attorney learned of such request for additional findings until the transcript had been filed in this court.

The appellee contends that the failure on the part of appellant to serve the appellee with notice of the filing of the request for additional findings violates Rule 298. Rule 298 provides:

"After the judge so files original findings of fact and conclusions of law, either party may, within five days, request of him specified further, additional, or amended findings; and the judge shall, within five days after such request, and not later, prepare and file such further, other or amended findings and conclusions as may be proper, whereupon they shall be considered as filed in due time. *Notice of the filing of the request provided for herein shall be served on the opposite party as provided in Rule 21a or 21b.*" (Emphasis ours)

Rule 21a, Texas Rules of Civil Procedure, provides:

"Every notice required by these rules, * * * and except as otherwise expressly provided in these rules, may be served by delivering a copy of the notice or of the document to be served, as the case may be, to the party to be served, or his duly authorized agent, or his attorney of record, either in person or by registered mail to his last known address, or it may be given in such other manner as the court in its discretion may direct. It may be served by a party to the suit or his attorney of record, or by the proper sheriff, or constable, or by any other person competent to testify. *A written statement by an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. * * **" (Emphasis ours)

Rule 21b provides:

"Wherever these Rules provide for notice of service by registered mail, such notice or service may also be had by certified mail."

No certificate is attached to appellant's request for additional findings certifying that notice of such request for additional findings as required by Rule 298 had been served upon the opposite party nor does the record otherwise show that such notice was given.

It has been held by a United States District Court of the state of New Jersey in the case of Curtis v. Utah Fuel Co., 2 F.R.D. 570, that under Rule 5 of the Federal Rules of Civil Procedure, which rule contains somewhat similar provisions as contended in Rule 21a of our Texas Rules of Civil Procedure, that where the plaintiff moved to submit affidavits and exhibits in opposition to the motion to dismiss, that the court was unable to consider same because the plaintiff did not give notice of said motion as required by the Rule. This case was affirmed by the Circuit Court of Appeals, Third Circuit, 132 F.2d 321. See also Cunningham v. Associates Investment Co., 295 S.W.2d 687, 688 (Tex.Civ.App.) 1956, writ dismissed, and Miller v. Permenter, 234 S.W.2d 459, 461 (Tex.Civ.App.) 1950, writ refused, n. r. e.

■ The purpose of the provision of Rule 298 in requiring notice of the filing of request for additional or amended findings be served on the opposite party is to afford to said party an opportunity to present objections thereto, if any, and make known his views to the trial judge concerning the merit of the requested findings. The party requesting such additional or amended findings pursuant to Rule 298 should give notice thereof to the opposite party and as prima facie evidence of the fact of service of such notice cause the record in the case to reflect the service of such notice and the method and manner of the service thereof in accordance with the provisions of Rules 21a and 21b.

We do not hold that in the event of a contest as to whether such notice of service was given, that the provision of Rule 21a which says "A written statement by an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service" shall be the exclusive method of establishing proof of service of such notice.

■ However, appellee says in his brief that neither he nor his attorney were served with notice as required by the above quoted Rules, and, as this statement is not controverted by appellant, we accept it as true. Marshburn v. Stewart, 295 S.W. 679, 692 (Tex.Civ.App.) 1927, writ dismissed.

We think the judgment of the trial court should be affirmed.

Judgment affirmed.