**D. M. ROBINSON, Appellant,**

v.

**D. L. FAULKNER, Appellee.**

**No. 16992.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 1, 1967.

Rehearing Denied Dec. 22, 1967.

Alvin Boyd, Dallas, for appellant.

Gerald R. Coplin, of Passman, Jones, Stewart, Andrews & Hunter, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

D. L. Faulkner brought this action against D. M. Robinson seeking damages for breach of an oral contract involving the construction of an apartment house project in Dallas, Texas. Robinson filed a cross-action based on the same oral contract in which he sought an amount of money which he claimed to be due and owing him thereunder. Following trial before the court, without a jury, judgment was rendered favorable to Faulkner and denying Robinson any relief. The court filed findings of fact and conclusions of law to which Robinson leveled exceptions.

Appellant Robinson predicates his appeal from such judgment upon four points of error which we find lacking in merit and are therefore overruled. The judgment is affirmed.

By his first point appellant contends that the trial court erred in finding that the contract between the parties was for $24,000 since the "weight of the competent evidence" establishes an agreed price of $28,-000.

The trial court expressly found that the sum of $24,000 was the agreed amount of the verbal contract entered into between the parties. This being a nonjury case, the trial court was the judge of the credibility of the witnesses and the weight to be given their testimony, and the findings of the court are entitled to the same weight and conclusiveness on appeal as the verdict of the jury. Where there is evidence of probative force to support the findings and judgment, they are controlling on the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion. 4 Tex.Jur.2d, § 839,

pp. 398–401. However, an appellate court may set aside a finding or judgment of the trial court where either is without any substantial support in the evidence or where such finding is against the great weight and preponderance of the testimony. Where the finding of the trial court is attacked as being against the weight of the competent evidence we are required to weigh and consider all of the evidence in the case regardless of whether there is some evidence of probative force to support the judgment. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); 4 Tex.Jur.2d, § 839, pp. 403–404, and cases therein cited.

In obedience to these rules we have carefully considered all of the evidence bearing upon this finding, as reflected in the statement of facts, and find that it is indeed conflicting. Both parties agree that the contract sued upon was verbal. Appellant Robinson testified that the contract price was $28,000. Appellee Faulkner testified that it was $24,000. The witness Gene Hadsell, an insurance agent, testified that appellant had requested him to secure the issuance of a payment bond for the work in question, such bond being for the sum of $24,000. The witness Charles Smith testified that he recalled a conversation wherein he assisted both appellant and appellee to estimate the cost of labor and material on the job in question. His testimony supported the theory of appellee concerning the total cost of the contract. Appellant introduced certain exhibits representing advance payments or "draws" on the amount due under the contract, two of such exhibits containing mathematical calculations which would lead to the conclusion that the contract price was $28,000. The third exhibit introduced by appellant did not support such calculation.

■ It is quite clear from our review and evaluation of all of the evidence in this case that the trial court had before it conflicting evidence of probative force and saw fit to choose the evidence supporting appellee rather than that of appellant. We find that the evidence was entirely sufficient to support the trial court's findings.

By his second point appellant contends that the court erred in finding that appellant had defaulted in the performance of the work and that, as a result of said default, appellee was damaged in the sum of $1,226.70. Appellant says that the "weight of the competent evidence" establishes no default and "there is no competent evidence" as to damages arising from the alleged default. Such point is multifarious but we will consider the same in the light of the argument advanced.

■ The trial court, in its findings of fact, found that appellant left the job before it was complete and also that some of the work which had been performed was not acceptable. The court further found that appellee had to do the work which was properly the responsibility of appellant and therefore was entitled to a credit of $1,226.-70 upon the basic contract.

Again, our examination of this record in the light of the points presented has required us to give consideration to all of the testimony. A number of disinterested witnesses testified concerning the various items of work required to be done in order to complete work that should have been done by appellant prior to the time he left the job. There was evidence that appellant did leave the job prior to the time his part of the work was finished. While the testimony may be contradictory in nature yet the trial court resolved the conflict in favor of appellee. Appellant argues that those things in issue were only "minor items" and that the specific evidence given by appellee as to the character of the work done was so general and unresponsive as to be without credible basis. However, the testimony was admitted without objection and was properly before the court. Again the situation is one where the credibility of witnesses and the weight to be given their testimony is within the province of the trial judge and he may disregard controverting testimony if he sees fit. Moser v. Mc-

Lemore, 266 S.W.2d 253 (Tex.Civ.App., Amarillo 1953); Liles v. Winters Independent School District, 326 S.W.2d 182 (Tex. Civ.App., Austin 1959). We find abundant evidence in this record to support the trial court's findings.

By his third point appellant contends that since his cross-action was based upon a sworn account, duly verified, the unsworn answer of appellee was not sufficient to join issue and therefore the trial court should have awarded him judgment based upon such verified pleadings.

Appellant's cross-action alleged that he entered into an oral contract with appellee on or about April 1, 1965 whereby he was to be a subcontractor to furnish mud and apply mud to the walls and prepare the walls for paint for a total consideration of $28,000. He further alleged that the labor was done and materials furnished at the special instance and request of appellee, pursuant to the oral contract. Appellant set out an "itemized account" and made affidavit wherein he swore to his claim stating that it was "just and true" and that the same is due, and that all just and lawful offsets, payments and credits have been allowed. Appellee did not file a verified answer to appellant's cross-action but proceeded to trial upon his general denial thereto. Appellant now contends that since appellee did not deny the account by verified answer pursuant to the requirements of Rule 185, Texas Rules of Civil Procedure, the court should have granted judgment to appellant for the amount sued for.

The *sine qua non* of appellant's contention presented by this point is that his cause of action, as evidenced by his cross-action against appellant, was upon a sworn account and not upon a special contract. A careful examination of the entire cross-action filed by appellant clearly reveals that his action is one upon a verbal contract for a definite sum of money, to-wit, $28,000, and is not upon a sworn account. It is true that there is language in his cross-action similar to that utilized in actions upon sworn accounts

but when examined within its four corners the cross-action clearly demonstrates a suit upon a special contract. Moreover, appellant testified that the dispute in this case was the amount of agreed price of the contract.

During the trial the court asked counsel for appellant the following question:

"THE COURT: You mean what work he did was reasonable. No, this is a contract price, isn't it? There isn't anything unreasonable insofar as the subcontractor is concerned, that is, it is not a quantum meriat (sic) contract, it is either 24 thousand or 28 thousand, isn't it?

"MR. BOYD: Yes, sir."

We think the examination of the pleadings, the testimony of appellant himself, and the admission of appellant's counsel in open court illustrates conclusively that the real nature of appellant's cross-action was that of suit on contract rather than upon sworn account. This being true it was unnecessary for appellee to verify his answer pursuant to Rule 185, T.R.C.P., as was required in the cases cited by appellant.

In the recent case of Ball v. Cooper-Stanley Co., Inc., 413 S.W.2d 467 (Tex.Civ. App., Dallas 1967), we considered a similar case involving suit for services rendered under a paving contract. The trial court had rendered judgment against appellant in that case on the theory of sworn account due to the fact that appellant had failed to verify his answer. Appellant contended that the suit being for an amount claimed to be due under special contract he was not required to verify his answer as required by Rule 185, T.R.C.P. In reversing the trial court we stated that the agreement was sufficiently definite to constitute a "special contract" which did not require a verified answer. See also Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958).

The pleadings and proof in this case are far stronger than in the Ball case, supra,

as demonstrating the true nature and purpose of the cause of action. The cause of action evidenced by the cross-action being upon a contract, and not a sworn account, within the meaning of law, appellee was not required to verify his answer.

■ Moreover, even if the cause of action was upon sworn account appellee's failure to verify his answer, being a defect in pleadings, has been waived by appellant's failure to bring the defect, commission, omission or fault of the pleading to the attention of the court before rendition of judgment. Rule 93(k), T.R.C.P.

By appellant's fourth point he contends that the findings of fact and conclusions of law of the court are in conflict with the findings of fact and conclusions of law contained in the judgment itself and therefore such contrary findings are mutually destructive so that no judgment could legally be rendered.

In the court's judgment, in paragraph 2 thereof, the court found:

"The Court finds that the parties entered into an oral contract whereby D. L. FAULKNER was to pay the sum of TWENTY-FOUR THOUSAND AND NO/100 ($24,000.00) DOLLARS to D. M. ROBINSON for the subcontract of furnishing of mud and applying same to the walls for preparation for painting on the Lake June Apartment Project in Dallas, Dallas County, Texas."

Later on in the judgment the court found:

"It is the conclusion of the Court that the cross-action of Cross-Plaintiff constitutes a suit upon a sworn account and that the pleadings of Plaintiff (Cross-Defendant) constitute a sufficient answer thereto under the law, and that issue has been joined by the parties."

Thereafter appellee Faulkner filed his motion to modify and correct the judgment in which it was pointed out that the findings, covered above, were inconsistent and

in error and that the judgment should therefore be corrected.

Thereafter the trial court, in his findings of fact and conclusions of law, made the following finding:

"2. Defendant, as Cross-plainiff, sued on an oral contract for the balance owing on a $28,000 contract, plus attorneys fees, for taping, bedding, texturing and painting the apartments in the Lake June Project."

■ The actions herein brought are for damages for breach of contract, so far as the plaintiff is concerned, and for the unpaid portion of an oral contract calling for $28,000 for taping, bedding, texturing and painting the apartments in question and for attorneys' fees, so far as defendant is concerned. References to "findings of fact" in the decree of February 2, 1967, approved as to form by attorneys hereto, should not have been incorporated therein and are surplusages, as is true of denomination of the character of defendant's cross-action as a "sworn account."

Appellant contends that the conflicting findings made by the court in the judgment itself and in the findings of fact and conclusions of law are such that no judgment may be rendered thereon and that a new trial should be granted.

■ An examination of the record reveals that the trial court had obviously made an error in incorporating the findings in the judgment relating to the suit on sworn account. Upon motion of appellee such error was corrected by the court, as it had a perfect right to do.

"In so far as the judgment undertakes to recite findings of fact, such findings are not conclusive. If erroneous, they would not be made to impeach the validity of the judgment." Gillette v. Davis, 15 S.W.2d 1085 (Tex.Civ.App., Eastland 1929).

■ Where original findings are superseded by amended findings the initial find-

ings must be disregarded. 57 Tex.Jur.2d, § 594, p. 356. In the case of Hood v. Adams, 334 S.W.2d 206 (Tex.Civ.App., Amarillo 1960), the court found that there was an apparent conflict between two sets of findings of fact as well as a conflict between the judgment entered and the amended findings. The court held, however, that any conflict between the original findings of fact and those later filed must be resolved in favor of the later filed findings. See Waters v. Yockey, 193 S.W.2d 575 (Tex.Civ.App., Dallas 1945).

The judgment of the trial court is affirmed.