**AFFIRMED and Opinion Filed January 20, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00820-CV

**MAERSK, INC., Appellant**
**V.**
**CALEB C. MGBEOWULA A/K/A CALEB MGBOWULA, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-01883-B**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Breedlove
Opinion by Justice Reichek

Maersk, Inc. appeals the trial court's judgment ordering that it take nothing by its claims against Caleb Mgbowula.[1] Bringing four issues, Maersk contends the trial court erred in (1) concluding there was no contract between Maersk and Mgbowula, (2) not granting judgment for Maersk on its claim for breach of contract, (3) not granting judgment for Maersk on its claim for sworn account, and (4) refusing

---

[1] The style of this case in the trial court named Caleb C. Mgbeowula as the defendant. Mgbowula's pleadings and the trial court's judgment show his name as Caleb Mgbowula.

to allow Maersk to amend its pleadings. For the reasons that follow, we affirm the trial court's judgment.

## Background

Maersk filed this suit against Mgbowula seeking to recover shipping and demurrage charges. In its petition, Maersk asserted claims for breach of contract, sworn account, and unjust enrichment. Attached to the petition were invoices issued by Maersk to a company named Mgbeowula Caleb Ltd.

In response, Mgbowula filed a sworn denial stating he did not enter into an agreement with Maersk, and made no promises concerning the goods and services made the subject matter of the suit. Mgbowula futher swore he did not have any business dealings with Maersk, and he neither requested nor accepted delivery of the goods. Mgbowula specifically denied having any connection to Mgbeowula Caleb Ltd. or any knowledge of the company's existence before being shown the invoices.

A trial was held before the court without a jury. In its opening statement, Maersk characterized the suit as "an international shipping case" arising out of a shipment of cargo from Nigeria to Texas. Maersk stated the bill of lading named Mgbowula as the recipient of the cargo and Mgbowula refused to accept the goods. Maersk was seeking to recover the shipping and demurrage charges associated with the cargo as set out in the invoices.

Mgbowula responded that Maersk had no evidence to show an agreement between the parties under Texas law. Mgbowula further stated he was concerned

based on Maersk's characterization of the suit as an international shipping case that the company might seek to assert an unpleaded claim under federal maritime law. Mgbowula objected to the extent that Maersk's exhibits were meant to invoke maritime law because such a claim was not supported by the pleadings. Maersk did not request to amend its pleadings to assert a cause of action under maritime law at that time.

As evidence of its alleged contract with Mgbowula, Maersk submitted its invoices and a copy of the bill of lading showing Eroben Shipping Agencies Ltd as the shipper and "Mgbeowula Caleb" as the consignee. The first page of the bill of lading referenced in all capital letters the "TERMS AND CONDITIONS ON THE REVERSE HEREOF NUMBERED 1-26." Although the bill of lading showed a shipment date of June 5, 2017, the terms and conditions attached to the bill of lading were dated April 30, 2018.

Maersk also submitted copies of emails between Mgbowula and Maersk. In one email, Mgbowula informed Maersk that Eroben had used his information without his authorization. In another email, Mgbowula stated he was not responsible for the invoices and, as indicated on the bill of lading, he was only to receive the goods on the shipper's behalf.

Maersk's representative, Lou Palazzo, testified Mgbowula's agreement with Maersk was demonstrated by the bill of lading and the email in which Mgbowula admitted he was designated as the recipient of the goods. Palazzo conceded

Mgbowula never took possession of the goods and that it was Eroben that listed Mgbowula as consignee. Palazzo also conceded he had no knowledge of Mgbowula's relationship to Eroben and no evidence that Mgbowula had been sent the bill of lading before Maersk sought collection. With respect to the conflict between the date of the shipment and the date shown on the terms and conditions for the bill of lading, Palazzo stated the terms and conditions for bills of lading were periodically updated, and the document submitted to the court as evidence was not the version of the terms and conditions that existed when the shipment at issue was transported.

After Maersk rested its case, Mgbowula moved for judgment arguing that Maersk failed to provide any evidence he agreed to be responsible for the shipment or its costs. Mgbowula further argued that, in the face of his sworn denial, Maersk failed to provide any evidence to support its claim for sworn account. Finally, because Mgbowula never accepted the cargo, Mgbowula stated Maersk could not show he received a benefit or was unjustly enriched.

Maersk responded that it had established a contract or, alternatively, unjust enrichment. Counsel then stated, "If the court doesn't accept that, we would request to make a trial amendment to state that maritime law applies to the transaction, and as a receiver of the goods, he's liable for the costs."[2] Mgbowula objected to the trial

_____

[2] Maersk filed a written request and proposed trial amendment several days later stating "The relationship of the parties is governed by maritime law and the terms of use relating thereto."

amendment and stated, if granted, he would request a continuance to "prepare for that case."

The trial court refused to allow Maersk to amend its pleadings and granted Mgbowula's motion for judgment. The court's final judgment ordered that Maersk take nothing by its claims.

## Analysis

### I. Trial Amendment

We begin with Maersk's fourth issue in which it contends the trial court erred in failing to grant it leave to amend its pleadings at trial. A trial court may not refuse a requested trial amendment unless the opposing party presents evidence of surprise or prejudice, or the amendment asserts a new cause of action or defense, and thus is prejudicial on its face. *State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656, 658 (Tex. 1994). Where the trial court refuses a requested amendment that seeks to introduce a new substantive matter, the burden is on the requesting party to show an abuse of discretion, rather than on the opposing party to show surprise. *Gierut v. Morrison*, No. 03-17-00326-CV, 2018 WL 6715470, at *9 (Tex. App.—Austin Dec. 21, 2018, no pet.). If the record shows a lack of diligence in requesting the amendment, and the matter appears to have been known to the requesting party rather than being based on newly discovered facts, the trial court does not abuse its discretion in refusing to allow the amendment. *Id.* at *8; *Rough Creek Lodge Operating, L.P. v. Double K Homes, Inc.*, 278 S.W.3d 501, 509 (Tex. App.—Eastland 2009, no pet.).

–5–

In this case, Maersk requested leave to amend its pleading to assert an entirely new cause of action under federal law. Maersk argues the requested amendment was "merely procedural" to conform the pleadings to the evidence admitted at trial. *See Hampden Corp. v. Remark, Inc.*, 331 S.W.3d 489, 498 (Tex. App.—Dallas 2010, pet. denied). But the evidence admitted at trial was submitted by Maersk in support of its claims for breach of contract and sworn account under Texas law. Because the evidence was relevant to the pleaded claims, we cannot conclude that a claim under maritime law was tried by consent. *Id.* at 496 (issue not tried by consent when evidence relevant to unpleaded issue also relevant to pleaded issue). This is particularly so in light of Mgbowula's objection at the start of trial to the use of any exhibit to invoke maritime law. While the evidence offered by Maersk might be relevant to a cause of action under maritime law, this does not change the fact that the requested amendment asserted a new substantive matter that would have reshaped Maersk's case. Accordingly, the trial court had discretion to deny Maersk's request. *Id.* at 498.

Maersk did not seek to amend its pleadings to assert the federal cause of action until after Mgbowula moved for judgment on the ground that Maersk failed to prove its state law claims for breach of contract, sworn account, and unjust enrichment. The requested amendment was not based on newly discovered facts and could have been asserted long before trial began. Based on the record before us, we conclude the trial court did not abuse its discretion in refusing Maersk's requested trial

amendment. *See Gierut*, 2018 WL 6715470, at *8. We resolve Maersk's fourth issue against it.

## II. Breach of Contract

In its first and second issues, Maersk contends the trial court erred in concluding there was no contract between it and Mgbowula and in not granting judgment for Maersk on its contract claim. The elements required for the formation of a valid contract under Texas law are: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Levetz v. Sutton*, 404 S.W.3d 798, 803 (Tex. App.—Dallas 2013, pet. denied). In its brief on appeal, Maersk fails to discuss any of these elements or how the evidence it submitted satisfied its burden of proof.

Instead, Maersk simply argues the terms and conditions contained in the bill of lading were binding on all parties. In making this argument, Maersk ignores the fact that its own witness testified the terms and conditions submitted into evidence were not the terms and conditions applicable to the bill of lading or shipment being sued upon. Accordingly, Maersk submitted no evidence to show the substance of the contract it alleged was breached. We resolve Maersk's first and second issues against it.

### III. Sworn Account

In its third issue, Maersk contends the trial court erred in failing to grant judgment in its favor on its claim for sworn account because Mgbowula's sworn denial failed to satisfy the requirements of rule 185 of the Texas Rules of Civil Procedure. Rule 185 requires a defendant in a suit on sworn account to timely file a written denial under oath. TEX. R. CIV. P. 185. Maersk's brief does not provide any discussion or analysis of how Mgbowula's responsive pleading failed to comply with this rule. Even assuming Mgbowula's sworn denial was somehow deficient, Maersk waived this complaint by failing to bring it to the attention of the trial court when Mgbowula moved for judgment on the sworn account claim. *See Robinson v. Faulkner*, 422 S.W.2d 209, 213 (Tex. App.—Dallas 1967, writ ref's n.r.e.); *see also Restrepo v. Alliance Riggers & Constructors, Ltd.*, 538 S.W.3d 724, 743 (Tex. App.—El Paso 2017, no pet.). Finally, Maersk does not address the fact that the invoices made the basis of its sworn account claim were issued to a company called Mgbeowula Caleb Ltd and not to Mgbowula. We conclude the trial court did not err in granting judgment in favor of Mgbowula on Maersk's sworn account claim. We resolve Maersk's third issue against it.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210820F.P05

—8—



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

MAERSK, INC., Appellant

No. 05-21-00820-CV     V.

CALEB C. MGBEOWULA A/K/A
CALEB MGBOWULA, Appellee

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-20-01883-
B.
Opinion delivered by Justice
Reichek. Justices Molberg and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CALEB C. MGBEOWULA A/K/A CALEB MGBOWULA recover his costs of this appeal from appellant MAERSK, INC.

Judgment entered this 20th day of January 2023.